## CHEEK and Another *v.* TILLEY.

COUNTY CLERK.—*Deputy.*—*Compensation of.*—A county clerk may contract with his deputy that the latter for his compensation shall have a certain share of the fees taxed and collectable in the clerk's office during his deputyship.

INJUNCTION.—*Receiver.*—In a suit by such deputy against his principal to recover the former's share of such fees, an injunction may be granted, pending the cause, restraining the clerk from collecting or transferring such fees yet unpaid, and the sheriff from paying such fees collected by him to the clerk; and a receiver may be appointed.

SAME.—*Pleading.*—*Amendment.*—An amendment called a "supplemental complaint," but containing no supplemental matter, was filed by the plaintiff, over the defendant's objection, before answer, in a suit for an injunction in which a restraining order had been granted.

*Held,* that there was no error.

SAME.—*Motion to Dissolve.*—Motion based upon affidavits, to dissolve an injunction before answer. The defendant in his affidavit did not deny certain equities of the complaint, and so much of the complaint essential to the injunction as he denied was supported by other affidavits.

*Held*, that, under the chancery practice, the injunction should not have been dissolved, and that the code does not change the former rule on that subject.

APPEAL from the Dearborn Circuit Court.

Suit by the appellee against Cheek and Arnold. The complaint alleges, that Cheek, as clerk of Dearborn county, on the 15th of February, 1864, contracted with the appellee to act as his deputy, their contract being set forth in a certain writing, as follows:—

"State of Indiana, Dearborn County, Sct.

"I, John F. Cheek, clerk of the courts of Dearborn county, Indiana, do hereby constitute and appoint William Wirt Tilley my deputy during my term of office, his compensation to be one-half of the fees taxed and collectable in said office. Witness my hand, this 15th day of February, 1864.

(Signed) JOHN F. CHEEK, Clerk."

The oath of Tilley as deputy, endorsed upon this appointment, is set out in the complaint, and the plaintiff alleges, that said appointment with said oath was duly filed and entered of record; that he gave bond to said Cheek, and on the said 15th of February, 1864, entered upon his duties as deputy, and continued to perform said duties till the 10th of September, 1867, when, the defendant Cheek having neglected and refused to account for or pay to the plaintiff the sums hereinafter mention, the plaintiff resigned his position as deputy, with the knowledge and consent of the defendant Cheek; that during the period of plaintiff's deputyship, fees to the amount of twelve thousand dollars were taxed and collected by Cheek, as clerk, of which the plaintiff has received only thirty-five hundred dollars, leaving due and unpaid to him twenty-five hundred dollars; that during said period there were taxed and collectable fees to the amount of seven thousand dollars which have not yet been collected, of which plaintiff is entitled to thirty-five hundred dollars; that Cheek is wholly insolvent, and has no property subject to execution out of which plaintiff can make the amount of any judgment he might obtain against him, or

any part thereof; that the only mode in which plaintiff can collect his claim is out of the fees taxed in said office and remaining unpaid; that said Cheek has in his possession and control the fee books and records of said office, and is collecting said fees with the fraudulent purpose of appropriating the whole of them to his own use; and the plaintiff prays that said Cheek and all persons acting under him or by his authority be restrained and enjoined from receiving and collecting any of said fees until the final hearing of this cause. The plaintiff further alleges, that Richard C. Arnold, sheriff of Dearborn county, has in his hands a large number of fee bills and executions issued out of said clerk's office against various persons, which he is proceeding to collect; and plaintiff prays that said Arnold be made a party, and that he and all persons acting under him and by his authority be enjoined and restrained from paying over to said Cheek any portion of such fees and costs that may be collected, until the final hearing of this cause. Plaintiff further avers, that said Cheek has given out in public speeches that plaintiff is not entitled to any portion of said fees, and has declared that he shall not receive or collect any portion thereof; that said Cheek has publicly threatened that plaintiff shall not have access to the books of said office except under the supervision and direction of said Cheek, and has threatened plaintiff with personal violence and death on account of statements made by plaintiff in relation to the condition of the books and records of said office; that plaintiff believes that if said Cheek has notice of this application he will assign said fees, with intent to defraud plaintiff. And the plaintiff prays for a temporary injunction against said Cheek and all persons acting under him, to enjoin and restrain him from collecting or receiving any of such fees, and from transferring the same; that upon final hearing said injunction be made perpetual; and that a receiver be appointed to collect and receive the fees and costs due and uncollected as aforesaid, and to pay to plaintiff such portion thereof as may be found due him.

The complaint was subscribed and sworn to; a bond was filed; and the same day a restraining order was granted, to continue in force till the second day of the ensuing term, when it was extended to a subsequent day of the term.

The plaintiff, by way of amendment to the complaint, filed a "supplemental complaint." He alleges therein, that he is entitled to one-half of certain sums received by said Cheek, as clerk, from the treasury of said county and appropriated by him to his own use, no account thereof being kept in said clerk's office, being a certain amount allowed to the clerk by the county commissioners for extra services, a certain amount received as fees for services in relation to insane persons, and a certain amount received as compensation for attendance as clerk upon the circuit court and court of common pleas of said county; that he is also entitled to one-half of certain sums received by said Cheek, appropriated to his own use, and not accounted for, except obscurely upon the issue dockets, collected from parties defendants, whom plaintiff is not able to name, in cases of the State against such parties in the circuit court and court of common pleas of said county at certain terms of said courts, such sums being the fees of the clerk in such cases; and also one-half of an amount of fees collected by said Cheek from persons whose names plaintiff does not know, during the period of said deputyship, which amount plaintiff is unable to state, appropriated by said Cheek to himself and not accounted for.

The "supplemental complaint" was subscribed and sworn to, and an additional bond was filed.

To the filing of this amendment defendants objected, for the following reasons:

"1. Because said injunction cannot be sustained and rendered lawful by amending the complaint.

"2. Because any material amendment would prejudice the rights of the defendants."

But the court permitted the filing of the amendment, and defendants excepted.

Pending a motion by defendants to dissolve the injunction, the plaintiff moved that the same be continued in force till the further order of the court. The plaintiff's motion was sustained, and the defendants excepted.

The defendants then moved to dissolve the injunction, for the following reasons:

"1. Because the plaintiff is not entitled to the relief demanded.

"2. Because all the material allegations of said complaint are successfully controverted and denied and are shown to be false by the affidavits filed herewith, marked 'A. B. and C.'

"3. Because said contract set out in the complaint is illegal and void.

"4. Because said contract does not give to the defendant any interest in the fees of said clerk's office.

"5. Because a receiver for the fees of a public office cannot be appointed to protect a private interest and claim of debt.

"6. Because an injunction to restrain the collection of the fees of a public office by the lawful incumbent of the office cannot be sustained to protect and assist in the collection of an individual and private debt.

"7. Because such injunction in fact restrains a public officer from the performance of the duties enjoined upon him by law.

"8. Because the sustaining of said injunction and the appointment of a receiver, as prayed in said complaint, would in fact amount to the appointment of a public officer to a constitutional and elective office.

"9. Because said contract and complaint do not show the plaintiff to have any immediate interest in said fees."

The injuction was continued in force till the further order of the court, and Richard D. Slater, Jr., was appointed receiver and authorized to collect said fees. From the order continuing said injunction and appointing said receiver, the defendants appeal, assigning as error: first, permitting plaintiff, over the objection of defendants, to file his

supplemental complaint; second, overruling defendants' motion to dissolve the injunction, and continuing said injunction; third, granting plaintiff's motion for the appointment of a receiver, and appointing said receiver.

FRAZER, J.—There was no error in allowing the amendment to the complaint, for such it was, though it is miscalled a supplemental complaint. It contains no supplemental matter. A party has a right by statute to amend his complaint before answer. 2 G. & H. 117.

The contract between the parties does not show an attempt to sell an office, but merely the appointment of a deputy and an agreement that for his compensation the latter shall share the emoluments of the office. In all this there is nothing in contravention of public policy, as is suggested in argument. We can conceive of no valid objection to it. The question has received the attention of other courts, and, so far as we know, such agreements have uniformly received their santion. *Becker* v. *Ten Eyck*, 6 Paige Ch. 68; *Mott* v. *Robbins*, 1 Hill, 21.

It is certainly very plain that the case made by the complaint is a proper one for an injunction and a receiver, pending the cause, unless, as it is argued, such interlocutory action by the court would transfer the duties of the office of clerk from the appellant, or interfere with his exercise of them.

The collection of his fees is not a duty imposed by law. It is a right which belongs to him as an individual, and not an official duty required of him. The plaintiff, according to the facts alleged, has also the same right; for a portion of the fees are also his. This collecting can be performed by a receiver, without in any manner interfering with the discharge by the appellant of all the official duties required of him by law.

Nor do we think that the injunction should have been dissolved upon the affidavits. The appellant did not, under oath, deny his insolvency or his intention to apply the fees of the office, which he might collect, to his own use.

So much of the complaint essential to the injunction as he did deny was supported by other affidavits. As the case thus appeared upon the affidavits, the injunction should not, under the chancery practice, have been dissolved, and there is nothing in the code which changes the former rule upon that subject.

The unimportant questions of mere practice which are made cannot affect the case, and need not, therefore, be decided.

Judgment affirmed, with costs.

*J. W. Gordon, J. E. McDonald, A. L. Roache, E. M. McDonald,* and *J. W. Nichol,* for appellants.

*J. Schwartz,* for appellee.