Filed September 22, 1896.

---

No. 2,156.

## Conner *v.* Canter.

CONTRACT.—*Void as Against Public Policy.—Agreement to Appoint Deputy County Treasurer.*—A contract entered into by one, who was a candidate for county treasurer, and another, whereby it was agreed that such other person should be appointed deputy treasurer in case of the former's election to such office, and a renewal of such agreement or promise after the former was elected, is void as against public policy.

From the Floyd Circuit Court.

*E. C. Hughes*, for appellant.

*M. Z. Stannard*, for appellee.

LOTZ, J.—The appellant, in his complaint against the appellee, alleged that on the 24th day of May, 1894, the appellee was a candidate for the office of treasurer of Clark county, and that on that day he entered into an agreement with the appellant, that if elected he would appoint appellant deputy treasurer of said county, beginning on the 1st day of January, 1895, and pay him for the services to be rendered the

sum of $75.00 per month; and that appellant agreed to perform the duties of such deputy.

It is further averred that the appellee was duly elected to such office, and qualified as such treasurer, and that on the 1st day of January, 1895, he renewed such contract with appellant; that the appellant presented his bond as such deputy, and tendered his services as such, and demanded that he be made such deputy; that the appellee refused to comply with such contract, and that in consequence thereof the appellant lost other employment which he might have obtained but for his reliance on such contract.

A demurrer for want of facts was sustained to the complaint, and this ruling presents the error assigned.

A deputy treasurer is a public officer, and may perform all the duties of his superior. Sections 7584, 7585, Burns' R. S. 1894 (sections 5568, 5569, R. S. 1881). He holds his office at the pleasure of his principal. Section 7992, Burns' R. S. 1894 (section 5914, R. S. 1881).

A deputy officer is entitled to compensation for his services. If the statute fix such compensation as a part of the emoluments of the office, he may recover therefor. If the statute do not fix his compensation, he may contract with his superior for a stipulated amount for his services, or for part of the fees and emoluments of the office, and when the services have been rendered he may recover the contract price. *Check* v. *Tilley*, 31 Ind. 121.

But the case at bar is not an action to recover for services rendered by the deputy. The contract declared on is purely executory. If it is void as against public policy, no recovery can be had upon it. If it were an ordinary contract between the appellant and appellee for the hire of services it would be valid. But it is not an ordinary contract. It relates to the per-

formance of the duties and functions of a public office. Duties in which the public are concerned. It is important to the public that the office be filled by a competent and efficient person, and that the duties be discharged honestly. The persons having business to transact through a public office are entitled to considerate and courteous treatment, and are therefore directly interested in the personnel of all public offices. It is the duty of the person having the power of appointment to exercise it in such a manner that the public interests will be best subserved. He must be left free to make the best appointments in his power at the time when he makes the appointment; for such appointments are, in a measure, made for the public good. He cannot abridge this right by contracts previously made. If he should promise the office to one person, and should subsequently discover that the public will be better subserved by the appointment of another, he must be free to make the better appointment. *Hager* v. *Catlin*, 18 Hun. 448; Mecham Pub. Officers, sections 350, 351.

A contract which tends, or may tend, to the injury of the public service is void as against public policy. *Elkhart County Lodge* v. *Crary*, 98 Ind. 238; Pollock Prin. of Cont., 279, 286.

The contract declared on is void as being against public policy, and there was no error in sustaining the demurrer.

Judgment affirmed.

Filed September 22, 1896.