. [No. 7368.    Decided July 16, 1908.]

SAMUEL R. STERN, *Respondent*, v. STATE BOARD OF DENTAL EXAMINERS, *Appellant*.[1]

STATES—STATE DENTAL BOARD—AUTHORITY TO EMPLOY ATTORNEY—CRIMINAL LAW—PROSECUTIONS—PRIVATE COUNSEL. The authority of the state dental board to employ private counsel does not depend upon the consent of the prosecuting attorney, under Bal. Code, § 3031, requiring the consent of the prosecuting attorney to assistance by private counsel in prosecutions by the state dental board; consent being necessary only to participation in the prosecution.

CRIMINAL LAW—PROSECUTIONS—PRIVATE COUNSEL. Where private counsel of the state dental board asisted in prosecutions instituted by the board, it will be presumed that the prosecuting attorney consented thereto as required by Bal. Code, § 3031.

JUDGMENTS—COLLATERAL ATTACK. A judgment cannot be attacked by objection to the sufficiency of the complaint in the action, in a collateral proceeding brought to enforce the judgment.

STATES—ACTION AGAINST BOARD. An action and judgment against the state dental board is not against the state, and the state is not. bound thereby.

SAME—STATE BOARDS—ACTIONS—CAPACITY TO BE SUED. The state dental board has incidental capacity to be sued by individuals, independently of statute, as a corporation *sub modo*.

SAME—JUDGMENTS—AGAINST STATE DENTAL BOARD—ENFORCEMENT—SUPPLEMENTAL PROCEEDINGS. Bal. Code, § 5676, providing for the manner of enforcing judgments against public corporations paying claims and demands by orders or warrants drawn on the treasurer, does not preclude supplemental proceedings to enforce a judgment.

[1]Reported in 96 Pac. 693.

against the state dental board, which under Bal. Code, §3031, handles its funds and satisfies its claims the same as any individual or corporation.

SAME—MANDAMUS—CONCURRENT REMEDY. If judgment against the state dental board may be enforced by mandamus proceedings, under Bal. Code, § 5755, it is no more than a concurrent remedy, and does not exclude proceedings supplementary to the judgment.

SAME—RECEIVERS—FUNDS OF STATE BOARD. Where the state dental board refuses to apply, in satisfaction of a judgment, funds received and collected by it which are not public or state funds, the court has jurisdiction in supplemental proceedings to appoint a receiver to collect and apply the funds.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered January 23, 1908, appointing a receiver. Affirmed.

*The Attorney General* and *E. C. Macdonald, Assistant,* for appellant.

*W. F. Meier* and *Samuel R. Stern,* for respondent.

RUDKIN, J.—On the 1st day of November, 1907, the plaintiff in this action recovered judgment against the State Board of Dental Examiners for the sum of $1,424.66 and costs of suit. An execution issued on the judgment was returned unsatisfied, and the plaintiff thereupon made affidavit that the defendant had funds in its possession and under its control which it refused to apply in satisfaction of the judgment, and prayed that the defendant be examined in supplementary proceedings. On such examination the court found that the defendant had money in its possession and under its control which should be applied on the plaintiff's judgment, and appointed a receiver to take charge of, receive and collect all funds in the possession or under the control of the defendant and apply the same toward the satisfaction of the plaintiff's demand.

From the order appointing the receiver, this appeal is prosecuted, and the appellant makes the following conten-

tions in support of its appeal: (1) That the original judgment in favor of the respondent is void; (2) that the remedy of the respondent is by writ of mandamus; and (3) that the court was without jurisdiction to appoint the receiver. It is claimed that the original judgment is void for two reasons; first, because the complaint failed to allege that the respondent was employed to assist in prosecutions for the violation of the dental act, by the consent of the prosecuting attorneys of the several counties in which such prosecutions were instituted, as required by Bal. Code, § 3031; and, second, because the suit is in effect against the state, and the dental board itself is exempt from suit. The purpose of the statute in requiring the consent of the prosecuting attorney to the employment of private counsel to assist in prosecutions for violations of the dental act is manifest. Under the law the prosecuting attorney is charged with the duty of prosecuting all violations of the criminal laws of the state, and the legislature did not deem it wise or proper to permit private counsel to intervene or interfere in such prosecutions, without the consent of the regular prosecuting officer. The same rules apply to the employment of private counsel by individuals. But the authority of the dental board to employ private counsel is not dependent upon the consent of the prosecuting attorney, any more than the authority of a private person depends on the like consent. Furthermore, if the respondent assisted in such prosecutions, the consent of the prosecuting attorney will necessarily be implied. We do not concede for a moment that the absence of such allegation from the complaint would defeat the judgment in a collateral proceeding, as we are of the contrary opinion. The original action was in no sense a suit against the state. The state is not bound by the judgment, nor are any of the state's funds charged with its payment. The claim that the dental board is exempt from suits by individuals is likewise untenable. Boards, commissions and bodies created by legislative authority have

an incidental capacity to sue and be sued, independently of any express power, and for that purpose are to be regarded as corporations *sub modo*. *Clarissey v. Metropolitan Fire Department*, 1 Sweeney (N. Y.) 224.

The contention that the remedy of respondent is by writ of mandamus is based on Bal. Code, §§ 5676 and 5755 (P. C. §§ 1358, 1407). The former section provides the manner of enforcing judgments against counties, incorporated towns, school districts, and other public corporations of like character in this state. The mode prescribed is to present a certified transcript of the docket of the judgment to the officer of the county or other public corporation who is authorized to draw orders on the treasurer thereof. This section only applies to such public corporations as pay claims and demands against them by orders or warrants drawn on the treasurer. Under Bal. Code, § 3031, the State Dental Board handles its funds and satisfies claims and demands against it the same as any individual, copartnership or private corporation. It does not pay by orders or warrants, and is not a public corporation of like character as those above specified. Section 5755 is the general statute relating to writs of mandamus. Perhaps a writ of mandamus would lie here, as the scope of the common law writ has been greatly extended in this state, but if we concede that the respondent had a remedy by mandamus, that remedy is concurrent and not exclusive.

The remaining question is, was the court without jurisdiction to appoint a receiver. We can discover no objection to the receivership on jurisdictional grounds. The funds in the hands of the dental board are not public funds in any sense of the word. They are not covered into the state treasury, nor does the board receive any funds from the state. The funds received and collected by it are used by the members to pay their per diem and defray the traveling and other expenses incurred by them, and are under the exclusive con-

trol and dominion of the board. If the members of the board refuse to apply the funds coming into their possession in satisfaction of claims judicially established against the board, in our opinion a receivership is a proper mode to attain that end. *Cheek v. Tilley*, 31 Ind. 121, was an action by a deputy clerk on a contract with his principal, providing that the deputy should receive one-half the fees of the office in compensation for his services. And in such action it was held that an injunction and a receivership to collect the fees pending the litigation was proper, and that such relief in no manner interfered with the operations of government or with the defendant's official duty. See, also, High, Receivers, p. 25, § 22.

In our opinion the respondent's judgment is valid, and the court acted within its jurisdiction in the appointment of the receiver, and these being the only questions presented by the appeal, the judgment is affirmed.

HADLEY, C. J., DUNBAR, FULLERTON, CROW, ROOT, and MOUNT, JJ., concur.