JESÚS ROSADO, Plaintiff and Appellee, *v.* FÉLIX R. RIVERA, Defendant and Appellant.

No. 6545. Argued March 8, 1935.—Decided March 21, 1935.

*E. Martínez Avilés* for appellant.   *A. Reyes Delgado* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

This is an action for damages arising from the nonfulfillment of a promise made by the defendant to the plaintiff. It is alleged in the complaint that Félix R. Rivera, Clerk of the District Court of Arecibo, promised to appoint the plaintiff, Jesús Rosado, to fill the office of deputy clerk and interpreter of the District Court of Arecibo when the budget for the fiscal year 1931 should become effective, and that he failed to fulfill his promise. The defendant has requested the plaintiff to come, as he did, to the office of said defendant, where he worked from June 8 until July 6, 1931, under the belief that he would be appointed to the office above mentioned.

The damages claimed by Jesús Rosado are set forth in the fourth paragraph of the complaint, as follows:

"Prior to accepting the offer of appointment to the office of deputy clerk and translator, the plaintiff had opportunities to place himself with other persons who offered to use his services, and the plaintiff refused because he had promised to work and was working with the defendant in the capacity aforesaid, which work and services the plaintiff cannot now render, since the persons who offered to employ the plaintiff have employed other persons to perform those services; and by reason of plaintiff's failure to receive the salary provided in the budget for the office which he was to occupy, if the defendant had carried out his promise, as well as on account of the fact that plaintiff is not now working at his vocation either with those persons who theretofore offered to employ him, or with those who formerly paid for his services, the plaintiff has been damaged in the sum of $1,000, for the payment of which plaintiff has made demand on the defendant, who has refused to pay the same either in whole or in part."

Upon these allegations the plaintiff prays that the complaint be sustained and that Félix R. Rivera be adjudged to pay to him the sum of $1,000 as damages arising from the breach of the promise made to the plaintiff, together with costs, disbursements, and attorney's fees.

The lower court held that the facts alleged in the complaint were proved as to the services rendered by the plaintiff in the office of the clerk and as to the promise giving rise to this suit, which was not fulfilled by defendant, who appointed another person to occupy the office of deputy clerk and interpreter of the District Court of Arecibo. In referring to the averments in the fourth paragraph of the complaint, the court below said:

"Now then, with respect to the attempt of the plaintiff to show that during the days on which he worked in the office of the Clerk of the District Court of Arecibo under the belief that he was going to be appointed to the office when the general appropriation act should become effective, he was damaged in the sense of having lost the opportunity of obtaining other positions, we must hold that he has failed, since upon this point no evidence of any kind whatsoever appears in the record."

The lower court adjudged the defendant to pay to the plaintiff the sum of $77.77, with costs, disbursements, and attorney's fees. The court thought that under the special circumstances of the case, Félix R. Rivera ought to be adjudged to pay this sum, which is equal to the salary that would have been earned in the office of deputy clerk and interpreter during the twenty-eight days the plaintiff worked in the office of the Clerk of the District Court of Arecibo, taking as a basis therefor the salary fixed for such office by the General Appropriation Act for that fiscal year.

The appellant urges that the court below erred in overruling the demurrer for insufficiency of the complaint. The defendant contends that the nonfulfillment of the promise charged against him can not give rise to any action whatsoever. He argues that in accordance with the adjudicated cases, this promise was void as against public policy, and cites in support thereof the case of *Schneider* v. *Local Union No. 60,* 116 La. 270, 40 So. 700, 704, in which it was said:

"It is the duty of the officer, having a power of appointment, to make the best appointment in his power, at the time when he makes

the appointment. The public have a right to demand this, and it is against public policy that he should be deprived of the exercise of his best judgment by a contract previously made."

We are in agreement with that doctrine. To offer a public office to a person capable of discharging it by reason of his efficiency and integrity implies nothing censurable, but public interest would suffer if the rule were accepted that such a promise must be carried out on the basis of a contractual relationship. The appointing officer is a depositary of public confidence who acts by delegated authority, and he has no right to defraud that confidence by disposing of the office and promising it to a third person as though it were his private property. Public interest requires that this power of appointment be exercised freely and without hindrance, and that it be not used as a basis for bargaining.

In the case of *Hager* v. *Catlin*, 25 Hun. 448, 450, the court considered the question of whether an obligatory contractual relationship arises from a promise to make an appointment in favor of a third person, who promises to accept it. "Suppose," says the court, "a vacancy should occur in the Court of Appeals, and the governor should promise to appoint a certain lawyer, and that lawyer should promise to accept, and in anticipation of so doing should give up his professional business, and suppose the governor should not make this appointment, would he be liable for damages?" In answering this question, Judge Learned, speaking for the court, said:

"I think not. It is the duty of the officer having a power of appointment to make the best appointment in his power according to his judgment *at the time when he makes the appointment*. The public have a right to demand this. And it is against public policy that he should be deprived of the exercise of his best judgment by a contract previously made. If he has promised the office to one person and has since discovered that the public will be better served by another, he must be at liberty to make the better appointment. And that too, although no such absolute disqualification may exist in

regard to the person to whom it was first promised, as would form a defence to an action for damages, if such action could be maintained on the promise.''

In the case of *Conner* v. *Canter,* 44 N. E. 656, the Supreme Court of Indiana has said:

"It is important to the public that the office be filled by a competent and efficient person, and that the duties be discharged honestly. The persons having business to transact through a public office are entitled to considerate and courteous treatment, and are therefore directly interested in the personnel of all public offices. It is the duty of the person having the power of appointment to exercise it in such a manner as that the public interests will be best subserved. He must be left free to make the best appointments in his power at the time when he makes the appointment; for such appointments are, in a measure, made for the public good. He cannot abridge this right by contracts previously made. If he should promise the office to one person, and should subsequently discover that the public will be better subserved by the appointment of another, he must be free to make the better appointment. (Citations). A contract which tends, or may tend, to the injury of the public service, is void, as against public policy. (Citations).''

■■ This is a clear case. Apart from the fact that from the promise and its acceptance no valid contract arises, binding upon the appointing officer, and that the plaintiff ought to have so understood it, no evidence whatever has been offered to show the damages alleged in the fourth paragraph of the complaint. These damages, as it is alleged, consist in plaintiff's loss of other opportunities to place himself while he was working in the office of the clerk, and in his failure to receive the salary provided in the General Appropriation Act for the office which he was to occupy. The court below granted the plaintiff compensation for the services rendered, the recovery of which, even upon the hypothesis that it could have been claimed, was not demanded in the complaint, which is not based on the rendition of those services. The theory of the plaintiff rests exclusively, as we have already said, on the loss of the opportunity to place himself elsewhere and on

his failure to receive the salary which he was to have been paid in case of appointment.

The judgment appealed from must be reversed and substituted by another dismissing the complaint, without costs.