JESÚS ROSADO, demandante y apelado, *v.* FÉLIX R. RIVERA, demandado y apelante.

No. 6545.—*Sometido:* Marzo 8, 1935. *Resuelto:* Marzo 21, 1935.

*E. Martínez Avilés,* abogado del apelante; *A. Reyes Delgado,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Se ejercita en este caso una acción en cobro de dinero por daños y perjuicios derivados del incumplimiento de una promesa hecha por el demandado al demandante. Se alega en la demanda que Félix R. Rivera, Secretario de la Corte de Distrito de Arecibo, prometió nombrar al demandante Jesús Rosado para cubrir el cargo de subsecretario intérprete de la Corte de Distrito de Arecibo cuando estuviese vigente el presupuesto del año fiscal de 1931, sin que hubiese cumplido su compromiso. El demandado solicitó del demandante que se personara, como se personó, en la oficina de dicho demandado, donde estuvo trabajando desde el día ocho de junio hasta el día seis de julio de mil novecientos treinta

y uno, bajo la creencia de que sería designado para el cargo referido.

Los daños y perjuicios que reclama Jesús Rosado aparecen consignados en el hecho cuarto de la demanda que dice así:

"Antes de aceptar la proposición del nombramiento para el cargo de subsecretario intérprete el demandante tuvo oportunidad de colocarse con otras personas que le ofrecieron utilizar sus servicios, y el demandante lo rehusó por haberse comprometido a y estar trabajando con el demandado en el carácter en que antes se ha expresado, trabajos y servicios que el demandante ahora no puede prestar por haberse hecho de otros empleados aquellas personas que le ofrecieron al demandante utilizar sus servicios, y tanto en lo que ha dejado de percibir el demandante al no devengar el sueldo que se fijara en el presupuesto para el cargo que había de desempeñar, de haberle cumplido su compromiso el demandado, como por el no encontrarse ahora trabajando de su profesión ni con los que antes se lo ofrecieron, ni con aquéllas que anteriormente pagaban sus servicios, el demandante se ha perjudicado en la suma de mil dólares, para cuyo pago ha requerido al demandado y éste se ha negado a hacerlo en todo y en parte."

En estas alegaciones se basa el demandante para solicitar que se declare con lugar la demanda y se condene a Félix R. Rivera a satisfacerle la suma de $1,000 por concepto de daños y perjuicios derivados del incumplimiento de la promesa que le fué hecha, con más las costas, gastos y honorarios de abogado.

La corte inferior declaró probados los hechos alegados en la demanda en cuanto a los servicios prestados por el demandante en la oficina del secretario y en cuanto a la promesa origen de este litigio, que no fué cumplida por el demandado, quien designó a otra persona para cubrir el cargo de subsecretario intérprete de la Corte de Distrito de Arecibo. Refiriéndose a las alegaciones contenidas en el hecho cuarto de la demanda, la corte inferior se expresó así:

"Ahora bien, respecto de la tentativa del demandante para demostrar que durante los días en que trabajó en la Secretaría de la

Corte de Distrito de Arecibo y por la creencia de que iba a ser nombrado·en propiedad cuando la ley de presupuesto entrara en vigor, se perjudicó en el sentido de haber perdido la oportunidad de obtener otras colocaciones, debemos declarar que ha fracasado, pues acerca de este extremo no aparece en el récord materia de evidencia de especie alguna.''

La corte inferior dictó sentencia condenando al demandado a satisfacer al demandante la suma de $77.77, con las costas, gastos y honorarios de abogado. Entiende dicho tribunal que dentro de las especiales circunstancias del caso, debe condenar a Félix R. Rivera a satisfacer esta suma, a que montaría el sueldo *per diem* de la creada plaza de subsecretario intérprete durante los veintiocho días en que trabajó en la Secretaría de la Corte de Distrito de Arecibo, tomando como base el sueldo que a la misma se le fijaba por el presupuesto del año fiscal.

 Se alega por el apelante que la corte inferior cometió error al declarar sin lugar la excepción previa de falta de causa de acción. El demandado entiende que el incumplimiento de la promesa que se le atribuye no puede originar causa de acción alguna. Arguye que de acuerdo con la jurisprudencia esta promesa está viciada de nulidad por ser contraria al orden público, y cita en su apoyo el caso de *Schneider* v. *Local Union* No. 60, 116 La. 270, 40 So. 700, donde se dijo lo siguiente:

"Un funcionario facultado para hacer un nombramiento tiene el deber de asegurar la mejor selección posible al tiempo de hacer el nombramiento. El público tiene derecho a demandarlo así y resultaría en detrimento de los intereses públicos (*against public policy*) si se le privara del libre ejercicio de su mejor juicio por un contrato previamente hecho."

Estamos conformes con esta doctrina. Ofrecer un cargo público a una persona capacitada para ejercerlo por su eficiencia e integridad no tiene nada de censurable, pero el interés público resultaría quebrantado si se estableciese el principio de que esta promesa debe cumplirse sobre la base de

una relación contractual. El funcionario que nombra es un depositario de la confianza pública que actúa por delegación y no tiene derecho a defraudar esa confianza, disponiendo del cargo y comprometiéndolo en favor de una tercera persona como si fuese su propiedad. El interés público exige que esta facultad de nombrar se ejerza libremente y sin trabas y que no se utilice como un elemento de negociación.

En el caso de *Hager* v. *Catlin*, 25 Hun. 448, 450, la corte se pregunta si surge una relación contractual obligatoria de una promesa de hacer un nombramiento a favor de una tercera persona que promete aceptarlo. "Supongamos," dice el tribunal, "que ocurra una vacante en la corte de apelaciones y que el gobernador prometa nombrar a cierto abogado que, proponiéndose aceptar, abandona anticipadamente sus negocios profesionales, y supongamos además que el gobernador no hace este nombramiento, ¿será responsable el referido funcionario por daños y perjuicios?" Contestando esta pregunta dice el Juez ponente Learned, a nombre del tribunal:

"Yo creo que no. Es el deber del funcionario autorizado para nombrar hacer el mejor nombramiento a su alcance conforme a su juicio en los momentos en que hace ese nombramiento. El público tiene derecho a exigirlo así. Y se actuaría contra el bien público si se le privara del ejercicio de su mejor juicio mediante un contrato previamente hecho. Si él ha prometido el cargo a una persona y descubre después que el público quedaría mejor servido con el nombramiento de otra, debe tener libertad para hacer el mejor nombramiento. Y esto, aunque la incapacidad de la persona a quien primeramente se hizo la promesa no fuese tan absoluta que constituyera una defensa a una acción por daños, si tal acción pudiera mantenerse sobre la base de esa promesa."

En el caso de *Conner* v. *Canter*, 44 N. E. 656, la Corte Suprema de Indiana se expresa así:

"Es importante para el público que el cargo sea cubierto por una persona eficiente y competente y que los deberes del mismo sean desempeñados honradamente. Las personas que hacen negociaciones a través de una oficina pública tienen derecho a ser tratadas con

consideración y cortesía y están directamente interesadas en el personal de todas las oficinas públicas. Es el deber de la persona que tiene el poder de nombrar ejercerlo en aquella forma en que el interés público resulte mejor servido. Este funcionario debe tener libertad para hacer el mejor nombramiento, porque tales nombramientos son en cierto grado hechos para el beneficio público. Él no puede anular este derecho mediante contratos previamente realizados. Si él promete el cargo a una persona y descubre más tarde que el público resultaría mejor servido con el nombramiento de otra, debe tener libertad para hacer este último nombramiento. (Citas). Un contrato que tiende a resultar o puede resultar en detrimento del servicio público es nulo, por ser contrario al orden público (*public policy*). (Citas.)''

██ ██ El presente es un caso claro. Aparte de que de la promesa y su aceptación no surge un contrato válido, obligatorio para el funcionario que nombra, y de que el demandante debió entenderlo así, no se ha presentado prueba alguna para acreditar los daños y perjuicios alegados en el hecho cuarto de la demanda. Estos daños, según se alega, consisten en las oportunidades de colocarse que perdió el demandante por estar trabajando en la oficina del Secretario y en haber dejado de percibir el sueldo que se fijara en el presupuesto para el cargo que había de desempeñar. La corte inferior concedió al demandante una compensación por los servicios prestados, cuyo importe, aun en la hipótesis de que pudiese reclamarse, no se pide en la demanda, que no se basa en esos servicios para el ejercicio de esta acción. La teoría del demandante descansa exclusivamente, como ya hemos dicho, en las oportunidades que perdiera para colocarse y en haber dejado de percibir el sueldo que se le había de pagar en caso de ser nombrado.

*Debe revocarse la sentencia apelada y dictarse otra en su lugar desestimando la demanda, sin especial condenación de costas.*