STATE EX REL. DEPARTMENT OF PUBLIC WELFARE ET AL.
*v*. CIRCUIT COURT OF JAY COUNTY.

[No. 27,834.   Filed February 11, 1943.   Rehearing denied
March 1, 1943.]

*James A. Emmert,* Attorney General, *James P.*

*Wason,* Deputy Attorney General, and *George L. Diven,* of Indianapolis, for relators.

SHAKE, J.—On January 7, 1943, Frank Lambert, "in his own behalf and in behalf of all persons having claims to trust funds held in trust by the defendants, or any of them, as a class," instituted an action in the Jay Circuit Court against the State Department of Public Welfare, the County Department of Public Welfare of Jay County, and said departments jointly as "representing all the other Departments of Public Welfare of all of the other counties within the State of Indiana, as a class." The plaintiff alleges that the County Department of Public Welfare of Jay County holds $599 for him, in trust, to await the decision of this court. The decision referred to is presumably that in the case of *County Department of Public Welfare* v. *Potthoff,* 220 Ind. 574, 44 N. E. (2d) 494, decided November 4, 1942, which involved the right of the State to have liens for advancements to recipients of old age assistance, and which held that such liens were discharged by the Acts of 1941, ch. 201, p. 619 (§ 52-1207, Burns' 1933, Supp.). The prayer of the complaint is that all the trust funds in the hands of the said departments be administered by the court; that a receiver be appointed to take charge of said funds and of all the records, books and papers pertaining to the same; and that a restraining order issue without notice to prevent the said departments from disposing of said funds and records. A restraining order was granted as prayed for.

A temporary writ of prohibition was issued against the Jay Circuit Court, and the cause is now before us for final determination.

The theory of the plaintiff's complaint is far from clear. It alleges that the defendants have refused to

pay the sums due the plaintiff and others similarly situated and charges, in the same paragraph, that the defendants will . distribute the funds in their hands unless restrained. The evident purpose of the action is to wrest from the State and County Departments of Public Welfare the administration of the funds involved and to put control thereof in a court of equity to the personal advantage of the receiver that may be appointed and the attorneys in the case.

Under the terms of § 98 of the Public Welfare Act of 1936 (§ 52-1301, Burns' 1933, Supp., § 14078-98, Baldwin's 1934, Supp.), all funds available to the several county departments are required to be paid to and held in the county treasuries until distributed according to law. The substantial question is then, whether a court of equity may take possession of funds in the public treasury and administer them through its receiver. The scarcity of cases on the subject at once suggests that such procedure is highly doubtful.

In *Cheek and Another* v. *Tilley* (1869), 31 Ind. 121, it was held that a deputy county clerk might have a receiver appointed for certain uncollected fees, to a share of which he was entitled by virtue of a contract with his superior. The court was careful to observe, however, that the appointment of a receiver under such circumstances would not have the effect of transfering or interfering with the official duties of the clerk. In *Stern* v. *State Board of Dental Examiners* (1908), 50 Wash. 100, 103, 104, 96 P. 693, the plaintiff obtained a judgment against a state board for legal services. Upon a showing that the board had ample funds to discharge the judgment and that an execution had been returned unsatisfied, the trial court appointed a receiver. One of the questions on appeal was that of jurisdiction. The court said:

"We can discover no objection to the receivership on jurisdictional grounds. The funds in the hands of the dental board are not public funds in any sense of the word. They are not covered into the state treasury, nor does the board receive any funds from the state. The funds received and collected by it are used by the members to pay their per diem and defray the traveling and other expenses incurred by them, and are under the exclusive control and dominion of the board. If the members of the board refuse to apply the funds coming into their possession in satisfaction of claims judicially established against the board, in our opinion a receivership is a proper mode to attain that end."

*Cheek and Another* v. *Tilley, supra,* was cited with the observation that the appointment of a receiver in that case "in no manner interfered with the operations of government or with the defendant's official duty."

By necessary inference the above cases sustain the proposition that courts have no jurisdiction to appoint receivers for funds in the public treasury, or to take over the official duties of public officers in the legislative or executive branches of the government. No person charged with official duties under one of these departments may exercise any of the functions of another, except as is expressly provided in the Constitution (§ 1, Art. 3, Constitution of Indiana). It must be concluded that the respondent court is without jurisdiction of the subject-matter.

The temporary writ of prohibition heretofore issued is made permanent.

NOTE.—Reported in 46 N. E. (2d) 490.