STATE OF INDIANA ON THE RELATION OF BRUECKNER *v.* THE JACKSON CIRCUIT COURT, ETC.

[No. 30,979. Filed September 11, 1967.]

*John R. Dollens,* of Scottsburg, *Richard H. Montgomery,* of Seymour, and *Lew G. Sharpnack* of Columbus, all for the Relator.

*George H. Gossman* and *Thomas L. Gossman,* both of Seymour, for the Respondents.

LEWIS, J.—This is an original action in which the petitioner asked this Court to mandate the Respondents to expunge their record of May 14, 1966, and to prohibit the Respondent Special Judge from proceeding in said Cause No. 64 C 98 in the Jackson Circuit Court. This Court issued an alternative writ.

The record shows the Respondent Special Judge heard the cause and took the same under advisement on February 4, 1966. Thereafter, on May 9, 1966, the Relator filed with the Clerk of the Jackson Circuit Court his Motion to Withdraw the Submission of the Cause from the Special Judge under the provisions of Rule 1-13 of the Indiana Supreme Court. On May 14, 1966, judgment was entered for the plaintiff in the Order Book of the Respondent Court. The following are significant portions of the return filed by the Respondent Special Judge:

"6.    That on Saturday, May 14th, 1966, the Respondent returned from Russell Springs, Kentucky, to his home at Salem, Indiana, and at that time the motion filed on behalf of the Defendant, Robert M. Brueckner, entitled, 'Motion To With draw Submission Of Cause From The Honorable Charles R. Ratts,' had not yet been called to his attention;"

"7.    That on the 16th day of May, 1966, Respondent returned to his office in the Courthouse at Salem, Indiana, and there found a notice mailed by the Court Reporter of the Jackson Circuit Court informing Respondent of the filing of said motion in the office of the Clerk of said Court;"

On May 21, 1966, Respondent Special Judge overruled defendant's Motion to Withdraw Submission of Cause. The Respondent Special Judge has answered under oath that at

the time judgment was entered on May 14, 1966, the Motion to Withdraw the Submission of Cause from the said Special Judge had not been called to his attention as required by Rule 1-13. The finding and judgment was announced when it was entered upon the Order Book of the Court on May 14, 1966. *State ex rel. Harp, et al.* v. *Vanderburgh Circuit Court, et al.* (1949), 227 Ind. 353, 85 N. E. 2d 254.

The matters Relator seeks to have determined here have been determined by the Respondent Court. They can be reviewed fully on appeal. We are without power to review them in this mandamus proceeding. The Alternative Writ of Mandamus and Prohibition cannot be used as a substitute for appeal. *State ex rel. Burton* v. *Gelb* (1947), 225 Ind. 330, 75 N. E. 2d 151; *State ex rel. Beatty* v. *Nichols, Sp. J., etc.* (1954), 233 Ind. 432, 120 N. E. 2d 407. The jurisdiction of this Court to issue writs of mandate is governed by Burns' Indiana Statutes, Anno., § 3-2201 (1966 Cum. Supp.). This extraordinary remedy is not to be used as a substitute for an appeal. It will not lie to control the exercise of discretion by the trial court. *State ex rel. Beatty* v. *Nichols, Sp. J., etc.,* supra; *State ex rel. Steers, etc.* v. *Hancock Cir. Court, etc.* (1953), 232 Ind. 384, 112 N. E. 2d 855.

It is ordered that the Alternative Writ of Mandate heretofore issued is revoked and a permanent writ is denied.

NOTE.—Reported in 229 N. E. 2d 465.