STATE EX REL. INDIANA ALCOHOLIC BEVERAGE COMM. *v.*
LAKE SUPERIOR COURT NO. 4, AND ANDREW V. GIORGI, JUDGE.

[No. 472S51. Filed July 21, 1972.]

*Theodore L. Sendak,* Attorney General, *David H. Kreider,* Deputy Attorney General, for relator.

*Richard J. Lesniak,* of East Chicago, for respondent.

ARTERBURN, C.J.—This original action, commenced by Relator, Indiana Alcoholic Beverage Commission (hereinafter sometimes referred to as ABC or Commission) seeks the issu-

ance of a Writ of Mandate and Prohibition to forbid Respondent, Lake Superior Court Room Four (hereinafter referred to as Superior Court) and the Honorable Andrew V. Giorgi, Judge of that court, from "further staying, restraining, or enjoining said Commission from closing the business premises of Joseph Elias." The facts which preceded the application for this Writ are as follows:

1. Petitioner below, Joseph Elias, d/b/a Joseph's Lounge, was the holder of a beer, wine and liquor retailer's permit which had been issued by the Commission pursuant to IC 1971, 7-1-1-8 (e), *Burns' Ind. Stat. Ann.* § 12-505 (e) (1971 Supp.) for the period from March 19, 1971 to March 18, 1972. Since Joseph's Lounge is not located within an incorporated city or town, Elias is required to establish that his gross annual food sales are not less than $100,000. IC 1971, 7-1-1-8 (e) ; *Burns' Ind. Stat. Ann.* § 12-505 (e) (1971 Supp.).

2. On October 12, 1971, midway through the license year, and after a hearing before the full board, the Commission revoked Elias' permit upon its finding that his license application had been falsified and that his annual food sales were below the statutory minimum. The effect of this action was to prohibit Elias from operating his business under the March 19, 1971 to March 18, 1972 permit.

3. Two days later, Elias filed with the Superior Court a petition for judicial review of the revocation and a motion requesting a stay of the revocation pending judicial review and appeal. This procedure was in accordance with IC 1971, 7-2-3-2, *Burns' Ind. Stat. Ann.* § 12-548 (1971 Supp.) which subjects ABC license revocations to judicial scrutiny through the Administrative Adjudication Act. IC 1971, 4-22-1-1, *Burns' Ind. Stat. Ann.* §§ 63-3001, 63-3030 (1961 Repl.).

The judicial resolution of the correctness of the Commission's revocation is of critical importance to Elias since "no beer retailer's permit . . . shall be issued to: . . . (10) A person who has held a permit . . . which has been revoked within one

year prior to the date of application . . ." for a renewal. IC 1971, 7-1-1-11; *Burns' Ind. Stat. Ann.* § 12-509 (1971 Supp.). Therefore, to secure a renewal, Elias needs to erase the revocation of his license by the ABC.

4.  On October 14, 1971, Judge Giorgi granted Elias' motion for a restraining order, thereby allowing Joseph's Lounge to remain in operation.

5.  The Commission filed its answer on October 20, 1971, and Elias filed the administrative record on November 30, 1971, thus placing the issues before the Superior Court. IC 1971, 4-22-1-18; *Burns' Ind. Stat. Ann.* § 63-3018 (1961 Repl.). To this date there has been no judicial consideration of the merits of the ABC's revocation.

6.  Elias' permit expired on March 18, 1972. On that date, Elias had not made application for a renewal permit to cover the period after that date.

7.  On March 24, 1972, Judge Pro-tempore Richard Kaplan, granted the ABC's motion to vacate the October 14, 1971 Order which had permitted Elias to remain in operation. The basis of this Order was the expiration of the original license.

8.  On March 27, Judge Giorgi vacated the March 24, 1972 Order of Judge Pro-tempore Kaplan, reinstated the October 14, 1971 Order, and set a hearing on the Commission's Motion for April 18, 1972. The effect of this action by Judge Giorgi was to allow Elias to remain in business after the expiration date of the license.

9.  On April 13, 1972, Elias moved to continue the hearing set for April 18, 1972, because his counsel was to be out of town on that date. This motion was granted.

10.  This Court's involvement commenced on April 17, 1972, when the ABC filed a Petition for an alternative Writ of Mandate and Prohibition.

The question raised by the petition is whether the Superior Court, through the vehicle of a stay pending judicial review,

can restrain the ABC from closing Joseph's Lounge after March 18, 1972. In other words, can a court, through judicial procedures, authorize the continued operation of a licensee although the permit period for which the license was originally issued had expired? We hold that the Superior Court cannot extend the operations of the licensee in this manner.

Clearly, it was the legislative intent, as an incident of the state's police powers, to delegate to the ABC the duty of licensing and supervising alcoholic beverage retailers. Only the Commission has been empowered to grant permits or renew them. IC 1971, 7-1-1-5, *Burns' Ind. Stat. Ann.* § 12-402 (1971 Supp.) The court does not have jurisdiction to do this, except upon judicial review of the administrative action. The General Assembly has made provision for subjecting these actions to judicial examination [IC 1971, 7-2-3-2, *Burns' Ind. Stat. Ann.* § 12-548 (1971 Supp.)] through the Administrative Adjudication Act. IC 1971, 4-22-1, *Burns' Ind. Stat. Ann.* §§ 63-3001, 63-3030 (1961 Repl.). To implement this provision, a court, in the exercise of sound judicial discretion, may grant a stay pending judicial review in order to preserve the status quo and to avoid undue hardship to a petitioner-licensee. IC 1971, 7-2-3-2 (b), *Burns' Ind. Stat. Ann.* § 12-548 (b) (1971 Supp.). While the Administrative Adjudication Act states that "any stay so ordered shall be effective during the period of review and any appeal therefrom and until finally determined . . ." [IC 1971, 4-22-1-17, *Burns' Ind. Stat. Ann.* § 63-3017 (1961 Repl.)], the separation of powers doctrine compels us to take exception to a construction of that clause which would allow a business to remain open, without a license, for a period of time in excess of the original permit period. Article three of the Indiana Constitution provides:

"The powers of the Government are divided into three separate departments, the Legislative, the Executive including the Administrative, and the Judicial; and no person,

charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

In construing this article, this Court has had occasion to hold that the courts of this state "do not have the power to revise or change a schedule of rates imposed by the Public Service Commission . . ." *Public Service Commission* v. *Indiana Bell Telephone Co.* (1955), 235 Ind. 1, 19, 130 N. E. 2d 467, 475, *reh. denied.* Nor do Indiana courts have "jurisdiction to appoint receivers for funds in the public treasury, or to take over the official duties of public officers in the legislative or executive branches of government. . . ." *State ex rel. Department of Public Welfare* v. *Circuit Court of Jay County* (1943), 221 Ind. 204, 207, 46 N. E. 2d 490, 492. Courts have been restrained from conducting themselves as assessing officers in tax matters. *Peden* v. *Board of Review of Cass County* (1935), 208 Ind. 215, 219, 195 N. E. 87, 89. A court cannot mandate the Public Service Commission to approve the sale of a certificate of convenience and necessity. *State ex rel. Public Service Commission* v. *Johnson Circuit Court* (1953), 232 Ind. 501, 506, 112 N. E. 2d 429, 431. Similarly, courts are powerless to annex additional territory to cities or towns. *City of Aurora* v. *Bryant* (1960), 240 Ind. 492, 497, 165 N. E. 2d 141, 144.

The ABC is a part of the executive branch of government whose duties and powers are defined by the legislature. No provision allows a court to grant renewal permits to sell alcoholic beverages. Therefore, we must conclude that the separation of powers doctrine is offended when a court seeks to extend the permit period of a licensee through a stay pending judicial review, in effect granting a renewal permit. The judicial branch of government may not grant or renew licenses on its own through the guise of a restraining order, as in this case. It may only review the action of an administrative body and go no further than the matter in review covers, namely a revocation of a license. It may not, by a restraining

order, extend a permit beyond the termination date and thus, for all practical purposes, renew the permit.

A licensee in Elias' position is not without a remedy in cases where the permit period would expire pending judicial review. While the expiration of the license will dissolve the stay order, a petitioner-licensee would still be entitled to a timely review of the merits of the revocation by the trial court. Rule TR. 53.2 provides for the withdrawal of a question from a trial judge who has failed to announce a decision within ninety days after the submission of issues. Further, Rule TR. 58 states that "[t]he judge failing promptly to cause judgment to be prepared, signed and entered as provided herein may be compelled to do so by mandate." These provisions were clearly available to Elias, yet he stood by and allowed the license period to expire without making any attempt to secure a prompt determination.

We must also point out that the action of Judge Giorgi in vacating the Order of Judge Pro-tempore Kaplan and reviving the original stay, thus in fact extending or renewing the license, was an abuse of sound judicial discretion. IC 1971, 7-2-3-2 (b), *Burns' Ind. Stat. Ann.* § 12-548 (b) (1971 Supp.), provides:

> "Where judicial review is sought under the provisions of this section the court wherein the cause is filed, may, in its discretion, enter an order staying the suspension or revocation pending review and appeal therefrom."[1]

> "A stay of proceedings is a matter of convenience and practice, and is not a matter of right, but is granted or refused in the exercise of the sound discretion of the court." 1 I.L.E. *Actions* § 64, at 121 (1957).

1. In the 1972 session of the General Assembly, IC 1971, 7-2-3-2, *Burns' Ind. Stat. Ann.* § 12-548(b) (1972 Supp.) was amended to read as follows:

"(b) Where judicial review is sought under the provisions of this section the court wherein the cause is filed shall not order a stay of suspension or revocation of a permit pending review and appeal but shall hear such appeal within twenty-four [24] days from the date of filing thereof and shall enter final judgment within seven [7] days after such hearing. [1972, P.L. 61, § 2, p. 483.]"

A stay pending judicial review is in the nature of an equitable remedy since it preserves the status quo to avoid undue hardship. However, such a remedy should not be afforded a party who fails to pursue his judicial remedies with reasonable dispatch, and thus gains, in fact, a renewal of his license never granted by the ABC. It behooves an applicant to press for a speedy determination of his revocation if he desires a renewal. In this case, the issues were placed before the Superior Court with the filing of the administrative record on November 30, 1971. All had been done which could have been done on that date. The case was then ready for decision. However, no decision was forthcoming and the permit period expired on March 18, 1972, more than ninety days after the issues were submitted.

Finally, we disagree with Elias' contention that granting the writ will not expedite the resolution of this case on its merits. To the contrary, our decision should provide the incentive, heretofore lacking, for him to press for a speedy adjudication by the Superior Court.

The granting of this writ has no effect upon the consideration of the merits of the correctness of the ABC's contention. The issue is not moot since the proper revocation of a permit is grounds for denying a renewal application; hence, judicial review of the Commission's action retains its vitality for that purpose.

The result of the decision we now announce is to make the temporary writ permanent, thus prohibiting Lake Superior Court, Room 4, from interfering with the Commission's activities in terminating Elias' operations under the permit which expired March 18, 1972. We further mandate Judge Giorgi to reinstate the March 24, 1972 Order of Judge Protempore Richard Kaplan which had vacated the October 14, 1971, Order under which Elias had been operating. However, nothing in this decision should be construed as withdrawing the merits of the initial revocation from judicial consideration by the trial court.

The temporary alternative writ of mandate and prohibition is now made permanent.

Givan, Hunter, Prentice, JJ., concur. DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—I dissent. In my view the trial court was acting within the confines of his jurisdiction in staying the administrative revocation of this license pending judicial review, and therefore this Writ should be denied. The trial court was acting within the grant of authority contained in I.C. 1971, 7-2-3-2, being Burns § 12-548, wherein it is provided:

"(a)  Whenever the permit of any retail permittee to sell any alcoholic beverage is revoked or suspended for a period of at least ninety (90) days by action of the Indiana alcoholic beverage commission, any person aggrieved thereby may seek judicial review of the action by following the applicable provisions of the Administrative Adjudication Act, Acts 1947, chapter 365, as amended.

(b)  Where judicial review is sought under the provisions of this section the court wherein the cause is filed may, in its discretion enter an order staying the suspension or revocation pending review and appeal therefrom."

In affording the trial court this authority, I believe the Legislature intended to empower the trial court to preserve the status quo and to thereby render effective any judgment subsequently entered by the court. In effect, the majority is reviewing a discretionary order of a trial court in this original action, and clearly an original action in this Court is not intended for that purpose. *State ex rel. Brueckner v. Jackson Circuit Court* (1967), 248 Ind. 377, 229 N. E. 2d 465; *State ex rel. Allison v. Criminal Court of Marion County* (1958), 238 Ind. 190, 149 N. E. 2d 114.

NOTE.—Reported in 284 N. E. 2d 746.