Marilyn SCALES, Administrator Indiana Department of Public Welfare, and Indiana State Board of Public Welfare, Appellants–Respondents,

v.

HOSPITALITY HOUSE OF BEDFORD, Appellee–Petitioner.

No. 49A02–9112–CV–554.

Court of Appeals of Indiana, Second District.

June 25, 1992.

Rehearing Denied Sept. 15, 1992.

Linley E. Pearson, Atty. Gen. of Indiana and Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellants-respondents.

David F. McNamar, Randall R. Fearnow and Janet A. McSharar, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellee-petitioner.

BUCHANAN, Judge.

## CASE SUMMARY

Respondents-appellants Marilyn Scales, Administrator of the Indiana Department of Public Welfare (the Department), and the Indiana State Board of Public Welfare (the Board),[1] appeal from the trial court's grant of a "stay" to petitioner-appellee Hospitality House of Bedford (Hospitality), claiming that the trial court's order amounts to an improper mandate and that the trial court exceeded its authority.

We reverse.

## FACTS

The facts most favorable to the trial court's judgment reveal that Hospitality operates a long term medical care facility in Bedford, Indiana. A portion of the facility provides skilled nursing care for mentally retarded individuals, and in 1989, the facility was required, by the State Board of Health, to provide active treatment for its mentally retarded residents. The patients relevant to this appeal were severely or profoundly retarded and suffered from multiple physical handicaps as well. Hospitality incurred additional expenses to comply with the active treatment requirements.

Hospitality sought an increase in its Medicaid reimbursement rate from the Department to cover its increased costs. The Department denied the requested increase, and Hospitality initiated an administrative appeal of the decision. A hearing was held before an administrative law judge.

The administrative law judge issued findings of fact and conclusions of law, determining that the relevant patient group was unique in Indiana's health care system, that the rate of reimbursement authorized by the Department was inadequate to cover the costs of caring for those individuals, and that Hospitality's rate request was not unreasonable. The administrative law judge decided that the Department should reconsider its rate classification procedures and ordered the Department to adjust its reimbursement for the relevant patient group.

The Department appealed this decision to the Board. The Board initially attempted to remand the case to another administrative law judge, but after judicial review of that decision, the Board was prohibited from remanding the case to a different administrative law judge. The Board then reversed the administrative law judge's decision, and entered its own findings and conclusions which determined that Hospitality was adequately reimbursed and that Hospitality could not seek a new level of

---

1. Effective January 1, 1992, Indiana restructured the state's public welfare bureaucracy. The Department and the Board became the Division of Family and Children, which was charged with the administration and supervision of Indiana's public welfare activities. Ind.Code 12-1-1-1 and 12-1-2-3 (1991 Supp.).

care[2] unrecognized by the Department. So Hospitality's rate request was denied.

Hospitality sought judicial review of the Board's decision in the trial court contending that the reimbursement rate authorized by the Board violated state and federal laws which provided that reimbursement rates must be reasonable and adequate to meet the costs incurred by economically and efficiently operated facilities providing the requisite care. *See* 42 U.S.C. § 1396a(a)(13)(A) (1982); Ind.Code 12–1–7–17.6(b) (1990 Supp.).

Hospitality also sought a stay of the Board's decision pending the trial court's decision on its petition for judicial review. The trial court determined that Hospitality would go out of business if its reimbursement rate was not increased and issued a "stay" ordering the Department to reimburse Hospitality at its requested rate pending the outcome of the petition for judicial review (in pertinent part hereinafter set forth). Hospitality posted a $5,000 bond to ensure the timely prosecution of its petition for judicial review.

### ISSUE

The Department raises two issues, which we consolidate as:

Whether the trial court erred when it ordered the Department to reimburse Hospitality at its requested rate?

### DECISION

PARTIES' CONTENTIONS—The Department complains that the trial court's "stay" is improper under the statutory authority allowing the trial court to stay administrative action pending judicial review, and asserts that the trial court's order is actually an inappropriate mandatory preliminary injunction. Hospitality responds that it will go out of business if the stay is not granted and claims that Department's reimbursement rate is illegal and that the Board's proceedings overruling the administrative law judge were unlawful.

CONCLUSION—The trial court erred when it ordered the Department to reimburse Hospitality at its requested rate.

■ We preface our opinion in this case by emphasizing its lack of breadth. The only issue we need address is the trial court's "stay" which ordered the Department to reimburse Hospitality at its requested rate.

Reliance for the trial court's stay order is sought in Ind.Code 4–21.5–5–9(a) (1988), which provides:

"If a petition for judicial review concerns a matter other than an assessment or determination of tax due or claimed to be due the state, and the law concerning the agency whose order is being reviewed does not preclude a stay of the order by the court, *the person seeking the review may seek, by filing a verified petition, an order of the court staying the action of the agency pending decision by the court.* The court may enter an order staying the agency order pending a final determination if:

(1) the court finds that the petition for review and the petition for a stay order show a reasonable probability that the order or determination appealed from is invalid or illegal; and

(2) a bond is filed that is conditioned upon the due prosecution of the proceeding for review and that the petitioner will pay all court costs and abide by the order of the agency if it is not set aside. The bond must be in the amount and with the surety approved by the court. However, the amount of the bond must be at least five hundred dollars ($500)." (Emphasis supplied).

The essence of this statute is inaction. "A stay pending judicial review is in the nature of an equitable remedy since it preserves the status quo to avoid undue hardship" says our Supreme Court in *State ex rel. Ind. Alcoholic Beverage Comm'n v. Lake Superior Ct.* (1972), 259 Ind. 123,

---

**2.** For the purposes of reimbursement rate classifications, among the levels of care recognized by the Department were intermediate care facilities, skilled nursing facilities, and intermediate care facilities for the mentally retarded. The Department did not employ a rate classification for skilled nursing facilities for the mentally retarded.

129, 284 N.E.2d 746, 749. Likewise a "stay" has been defined as "[a] stopping ... A stay is a suspension of the case or some designated proceedings within it. It is a kind of injunction with which a court freezes its proceedings at a particular point." So runs the definition given by *Black's Law Dictionary* 1267 (5th ed. 1979).

However, the trial court's order in its ruling on Hospitality's petition for a stay used this language:

"The decision of the Indiana State Board of Public Welfare overturning the recommended Order of the Administrative Law Judge in this matter is hereby stayed, the decision of the Administrative Law Judge that additional Medicaid reimbursement is necessary for the Petitioner to continue to provide the legally required services to these special and unique residents is hereby instituted and *the Respondents are ordered to recalculate Medicaid reimbursement provided this facility forthwith and reimburse this facility its calculated rate* or actual costs incurred in providing services to Medicaid residents at Petitioner's facility pending the outcome of this Court's final ruling in this cause."

*Record* at 83–84 (emphasis supplied).

We agree with the Department that this order cannot properly be characterized as a "stay." The trial court has not stopped any action of the Board and has not preserved the status quo between the parties as it existed before the Board's decision. Rather, the trial court altered the status quo and mandated discretionary action by the Department. This action was no order freezing the proceedings until the merits of the appeal were decided; it was not, in the words of the statute, "an order ... staying the action of the agency pending decision by the court." IC 4–21.5–5–9(a).

■ The Department correctly points out that the trial court's order is more properly characterized as a mandatory preliminary injunction, and persuasively argues that the injunction was inappropriate. The purpose of a preliminary injunction is to preserve the status quo until the under-

lying claim is decided. The maintenance of the status quo is necessary to prevent harm from occurring which could not be corrected by a final judgment. Irreparable harm, therefore, must be established to warrant the issuance of a preliminary injunction. *State Bd. of Pub. Welfare v. Tioga Pines* (1991), Ind.App., 575 N.E.2d 303, *trans. denied.*

■ The trial court determined that Hospitality would suffer irreparable harm because it was losing a substantial amount of money every month and would have to cease operations if its reimbursement rate was not raised. *Record* at 79, 82. While there is an appealing gloss to the Department's argument that this determination was not supported by the evidence, we need not consider the evidentiary foundation for the trial court's finding because mere economic injury is insufficient to establish irreparable harm. *Tioga Pines, supra; Indiana State Dep't of Pub. Welfare v. Stagner* (1980), Ind.App., 410 N.E.2d 1348.

In *Stagner,* this court rejected a similar claim of irreparable injury by a Medicaid provider who sought to avoid the requirement that he exhaust his administrative remedies. We concluded that because monetary injuries can be compensated by monetary damages, the provider had not demonstrated irreparable harm. *Stagner, supra.* Similarly, Hospitality's economic injury can be compensated if it is successful on the merits of its petition for judicial review. As an adequate legal remedy was available to Hospitality, the trial court erred when it issued what amounted to a mandatory preliminary injunction. *Tioga Pines, supra.*

Judgment reversed and remanded for further proceedings consistent herewith.

SHIELDS, J., concurs.

RATLIFF, C.J., concurs with opinion.

RATLIFF, Chief Judge, concurring.

I agree that the so-called stay order issued herein by the trial court was not a

stay order but, if anything, was a preliminary injunction issued erroneously in an inappropriate proceeding. For that reason, and no other, I concur, however, I do not express any opinion as to any of the remaining portions of the majority opinion.