JOHN R. GERTCHEN, JAMES R. HILL *v.* STATE OF INDIANA.

[No. 2-1172A103. Filed December 17, 1973.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

WHITE, J.—Defendants Gertchen and Hill were tried to a jury and found guilty of second degree burglary and safe burglary. Their appeal is premised entirely on the contention that the verdict is not sustained by sufficient evidence because it rests on the uncorroborated testimony of an accomplice who is an admitted and convicted narcotics user whose testimony, in some details, conflicts with the testimony of the proprietor of the burglarized store.

The cases are almost legion in which the Supreme Court of Indiana has reiterated the substance of what it said over a century ago in *Stocking* v. *State* (1855), 7 Ind. 326, 330:

> "It is objected to the sufficiency of the evidence, that on material points there was only the testimony of Langley, an accomplice, whose character was infamous. It is very true that the evidence of persons standing in such a relation to each other, should be carefully scrutinized by the Court and jury. Yet to exclude it altogether, would often exclude the only means of disclosing guilt. . . . It may well be doubted, however, whether Langley was an accomplice. Even if he were, and if he stood alone, unsupported by any corroborating testimony, the jury might convict on his evidence."

Among the cases which restate the substance of "[t]he rule that convictions may be based on the uncorroborated testimony of an accomplice" (*Green* v. *State* (1960), 241 Ind. 96, 102,

168 N.E.2d 345) are: *Johnson* v. *State* (1879), 65 Ind. 269; *Brewster* v. *State* (1917), 186 Ind. 369, 115 N.E. 54; *Ingram* v. *State* (1951), 230 Ind. 25, 99 N.E.2d 410; *Walker* v. *State* (1934), 206 Ind. 232, 189 N.E. 127; *Pleak* v. *State* (1929), 201 Ind. 274, 167 N.E. 524; *Tungate* v. *State* (1958), 238 Ind. 48, 147 N.E.2d 232; *Smith* v. *State* (1961), 241 Ind. 601, 174 N.E.2d 47; *Aikins* v. *State* (1971), 256 Ind. 671, 271 N.E.2d 418.

No error being shown, the judgment is affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 304 N.E.2d 335.