**INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION,**
Appellant–Respondent,

v.

**METHODIST HOSPITAL OF INDIANA, INC. (Donna Townsend, Patient),**
Appellee–Petitioner.

No. 49A04–9512–CV–474.

Court of Appeals of Indiana.

July 16, 1996.

Pamela Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, for Appellant.

James C. Spencer, Indianapolis, for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Respondent–Appellant Indiana Family and Social Services Administration (FSSA) appeals the trial court's decision vacating the FSSA's final agency determination, which denied prior authorization for Medicaid services provided by the Petitioner–Appellee Methodist Hospital of Indiana (Methodist).

We affirm.

1. Neither the trial court decision nor the briefs of either party on appeal addressed the absence of

*ISSUES*

FSSA raises two issues, which we restate as:

1. Whether Methodist had standing to seek judicial review of FSSA's denial of Medicaid reimbursement for services Methodist provided, when Methodist did not submit the form requesting prior authorization for Medicaid services, but was named as "service provider" on the form.

2. Whether FSSA may deny an application for prior authorization for Medicaid services as untimely when the prior authorization regulations impose no time limits but when the period for claiming reimbursement for Medicaid services has expired.

*FACTS*

On August 1, 1991, Donna Townsend was flown from Peru, Indiana, to Methodist Hospital in Indianapolis by Lifeline helicopter. She was hospitalized at Methodist from August 1–12. Methodist was the provider of the air emergency transport and the in-patient services, and Dr. Tim Story was Townsend's physician. At the time of her treatment, Townsend was not enrolled in the Medicaid program. On October 3, 1991, she applied for Medicaid, and on or about November 1, 1991, she was granted Medicaid eligibility retroactive to June 1, 1991.

Dr. Story completed forms requesting prior authorization of Medicaid services for Townsend's treatment and transport, which authorization is required for Medicaid reimbursement. The forms designated Methodist as the service provider. They were filed with the Medicaid claims processor on January 14 and 15, 1993. The prior authorization request for Townsend's hospitalization was denied as untimely on January 27, 1993; the prior authorization request for the emergency transport was denied on January 30, 1993 as untimely and because it lacked required diagnosis codes.[1] An attorney for Methodist, who was also Dr. Story's designated repre-

proper diagnostic codes.

sentative, pursued an administrative appeal of the denials. An FSSA Administrative Law Judge upheld the denials, and her decision was affirmed by the Agency in a Notice of Final Agency Action. Methodist filed a petition for judicial review on January 3, 1994, and on August 14, 1995, the Marion Circuit Court vacated the FSSA decision and remanded the cause to the agency.

## DISCUSSION

### I.

### STANDING

Although the record indicates FSSA dealt with Methodist as a party at every stage of its own administrative proceedings, it argues on appeal that Methodist was not a proper party to the administrative adjudication and that Methodist did not have standing to seek judicial review.

■ Methodist was a proper party to the administrative review. FSSA asserts, without citation to authority, that Methodist was not entitled to administrative review because the prior authorization request at issue was submitted by Dr. Story; Methodist never requested prior authorization and never filed a claim for payment.

■ FSSA's own regulations confer standing to request an administrative hearing upon any person or entity

whose rights, duties, obligations, privileges and/or other legal relations are alleged to have been adversely affected by any action or determination by the state department or any county department ... [a]ny alleged harm to an appellant must be direct and immediate to the appealing parties and not indirect and general in character.

470 Ind. Admin. Code 1-4-2 (1992). Nothing in the regulation explicitly or implicitly limits standing to the person or entity which filed the paperwork that gave rise to the dispute—rather, standing arises from actual harm or adverse affect resulting from the agency action. Methodist was listed as the "service provider" on Dr. Story's requests for prior authorization. FSSA's denial of Dr. Story's requests means the emergency transportation and medical services Methodist provided will go uncompensated by Medicaid. Methodist was adversely affected by the agency action and the harm to it was "direct and immediate." Methodist had standing to seek administrative review of the denial of prior authorization.

In a related argument, FSSA asserts that Methodist did not have standing to seek judicial review of the agency decision because Dr. Story, and not Methodist, prepared the paperwork requesting prior authorization. Thus, FSSA argues, Methodist did not exhaust its administrative remedies as a prerequisite to judicial review, because it could have requested prior authorization under the FSSA regulations but never did.

■ As noted above, Dr. Story submitted prior authorization requests which listed Methodist as the service provider and which were denied as untimely by FSSA. FSSA's position appears to be that if Methodist had filed identical prior authorization request paperwork after the requests submitted by Dr. Story were denied, Methodist would have properly exhausted its administrative remedies and would then be entitled to judicial review. Generally, one aggrieved by an agency decision must exhaust the administrative remedies before seeking judicial review of the agency action, *Shlens v. Egnatz*, 508 N.E.2d 44, 46 (Ind.Ct.App.1987), *reh'g denied, trans. denied.* But the rule does not apply when efforts to exhaust the administrative remedies would be futile. *Id.* at 48. Methodist was not required to submit duplicate untimely forms, containing information identical to those previously submitted by Dr. Story and denied by the agency, in order to preserve its right to judicial review. Exhaustion of administrative remedies, as interpreted by FSSA, would have been futile, and Methodist was entitled to seek judicial review.

### II.

### TIMELINESS OF PRIOR AUTHORIZATION REQUESTS

■ On judicial review of an administrative adjudication, a court is limited to consid-

eration of whether there is substantial evidence supporting the agency's decision, and whether the agency action was arbitrary, capricious, an abuse of discretion, or in excess of its statutory authority. *Ind. Dept. of Envtl. Mgt. v. Conard*, 614 N.E.2d 916, 919 (Ind.1993). The court is not bound by the agency's interpretation of law, and is free to decide any legal question which arises out of an administrative action. *Charles A. Beard Classroom Teachers Ass'n. v. Bd. of School Trustees of the Charles A. Beard Memorial School Corp.*, 646 N.E.2d 988, 990 (Ind.Ct. App.1995). Interpretation of the meaning and effect of an agency regulation is a question of law properly subject to *de novo* analysis on judicial review. *See Indiana Dept. of Pub. Welfare v. Payne*, 622 N.E.2d 461, 465 (Ind.1993) *reh'g denied* (determination of the status of state legislation which required interpretation of an administrative rule held a question of law subject to *de novo* review).

Prior authorization for Medicaid services is governed by 405 Ind. Admin. Code 1–6–3 (1992). Generally, Medicaid services are not reimbursed unless the service provider obtains authorization before the services are provided. 405 Ind. Admin. Code 1–6–3(a). However, authorization for payment may be given after services have been provided if the recipient retroactively becomes eligible for Medicaid. 405 Ind. Admin. Code 1–6–3(b)(1). In that event, the prior authorization request must be submitted and the authorization received before a claim for reimbursement is submitted. *Id.* That rule applies to Townsend, as her eligibility for Medicaid was determined on November 1, 1991, after her hospitalization. She was declared retroactively eligible effective June 1, 1991. The rule in effect at the time Dr. Story submitted his prior authorization request provided no time limit for such requests. However, FSSA's contractor explained the denial of the prior authorization request by stating that "[a] reasonable amount of time is allowed to obtain a retroactive authorization.... Fifteen months is an unreasonable time to submit for pre-authorization." (R. at 59).

FSSA's rationale is that the time limit imposed by its rules for the filing of Medicaid claims for *payment* creates an implicit time limit for submitting *prior authorization* requests. Generally, claims for payment for services rendered to Medicaid recipients must be filed with the Medicaid contractor within 12 months of the date when the service was provided. 405 Ind. Admin. Code 1–1–3(a). But when a non-covered recipient receives a Medicaid covered service and subsequently is determined to be eligible retroactive to the date the service was provided, the agency may grant a waiver of the time limit for filing the claim for payment. In such a situation, the service provider must bill Medicaid within one year of the date of the retroactive eligibility determination. 405 Ind. Admin. Code 1–1–3(c). Townsend's eligibility determination was dated November 1, 1991. The record does not indicate when, or whether, Townsend, Dr. Story, or Methodist were notified of Townsend's eligibility. Dr. Story's requests for prior authorization were received on January 14 and 15, 1993, some 14 months later. The record does not indicate that a claim for payment was ever submitted, presumably because the prior authorization was denied.

The decision to approve or deny a prior authorization request is to be based on "medical reasonableness and necessity and such other criteria as are set forth below in [the prior authorization rules] and in the department's medical policy." 405 Ind. Admin. Code 1–6–3(c). Because there is no time limit stated in those rules, the trial court determined that a denial of prior authorization as "untimely" was unlawful, arbitrary, and capricious [2]. (R. at 104). FSSA, however, seeks to engraft the time limit for filing payment claims onto the rule governing prior authorization for the provision of services, noting that even if the prior authorization request was granted, any subsequent claim for payment would necessarily be denied. Thus, FSSA argues, the time limit for filing a

---

**2.** FSSA has since amended 405 Ind. Admin. Code 1–6–3(b) to include a time limit in cases of retroactive recipient eligibility. The prior authorization request must now be submitted within 12 months of the date of issuance of the recipient's medicaid card. 405 Ind. Admin. Code 1–6–3(b)(1) (1996).

payment claim is the "outer limit" for the filing of a request for prior authorization.

■ While FSSA's argument is logically appealing, it does not justify denial of prior authorization for a reason not permitted by the agency's own rule. When an agency promulgates rules and regulations, it is bound to follow them. *Martincich v. City of Hammond,* 419 N.E.2d 240, 245 (Ind.Ct.App. 1981). In *Martincich,* the plaintiff challenged his dismissal from his job because his employer's rules did not specify what type of disciplinary action could be taken when an employee violated the rules. We found that since the rules did not limit the manner in which an employee could be disciplined, the employer was free to use any method authorized by the governing statute. Here, by contrast, the FSSA rule explicitly limits the bases for denial or approval of a prior authorization request to what are essentially medical considerations, and does not, by its own terms or by its silence, permit consideration of the timeliness of the application.

■ It is a well-recognized rule of statutory construction[3] that, where a restriction is not general but is provided in a specific instance, application of the specific instance will not be carried into other statements which do not provide such limitations. *State ex rel. White v. Grant Super. Ct.,* 202 Ind. 197, 209, 172 N.E. 897, 901 (1930); *Fort Wayne Transit. v. Indiana Motor Bus Co.,* 158 Ind.App. 290, 298, 302 N.E.2d 786, 790 (1973), *reh'g denied* 158 Ind.App. 290, 304 N.E.2d 336. In *Fort Wayne Transit,* we addressed a statute enumerating the powers of boards of directors of public transportation corporations. There, the Indiana Public Service Commission (PSC) denied the Fort Wayne Public Transit Corporation's application for transfer to it of state certificates it needed in order to operate. PSC denied the application on grounds the seller, Fort Wayne Transit, had dissolved and was no longer in existence. We found the PSC had no jurisdiction to rule on the application, because of the numerous board powers listed in the statute, only one—authority to establish routes, rates, hours of operation and service standards—was explicitly conditioned on PSC approval. We declined to impose the PSC approval requirement from that section onto any of the board's other powers, noting that "if the legislature had intended to limit the exercise of the other powers similarly, it would have said so." *Id.* Even if the PSC had jurisdiction to deny the application, we found that it acted arbitrarily in doing so for the stated reason that the seller was no longer in existence. *Id.* at 791. The statute governing transfer of the certificates in instances where PSC approval was required listed a number of specific matters the PSC could consider in ruling on the transfers, and nowhere required that the seller remain in existence.

■ The trial court properly declined to impose the time limit from the FSSA rule governing payment of Medicaid claims upon a different section of the rules which governs prior authorization for services and which was not conditioned on timely application. Because there was no time limit for applications for prior authorization, and because the rule governing such requests explicitly required the agency to apply criteria other than timeliness in approving or denying them, FSSA acted arbitrarily in denying prior authorization based on timeliness.

## CONCLUSION

Methodist had standing to seek judicial review of an agency decision that adversely affected it, and FSSA acted arbitrarily when it denied prior authorization for Medicaid services based on a criterion which was not a part of its own prior authorization regulations. The trial court decision is affirmed.

Affirmed.

DARDEN, J., concurs.

SULLIVAN, J., dissents with separate opinion.

---

**3.** The rules applicable to construction of statutes apply to construction of administrative regulations. *Payne,* 622 N.E.2d at 465.

SULLIVAN, Judge, dissenting.

I respectfully disagree with a portion of the majority's discussion of standing. To be sure, Methodist had standing to seek an *administrative* hearing. This is a far cry from conferring standing to obtain judicial review of an administrative proceeding to which the petitioner was not a party. The important question is whether Methodist, certainly a real party in interest as the medical service provider, may obtain judicial review although it was not the requester for prior authorization. Here, the request clearly indicated that Methodist was the medical provider. That request was denied and the majority correctly observes that to require Methodist to resubmit a request for prior authorization would be futile. Methodist was a party-in-fact to the administrative proceeding. For this reason I agree that Methodist was an appropriate petitioner for judicial review.

I am unable to agree with affirmance of the review court's decision, however. The court of review and the majority opinion here concludes that at the time in question, a request for prior authorization could only be denied for medical reasons and that such denial could not be based upon considerations of timeliness. In my view, the majority is incorrect in holding that because the rule in effect in August 1991 did not expressly place any time limitations upon submission of a prior authorization request, there were no such limitations.

At the time this cause arose, the rule concerning the matter of prior authorization was 470 Ind. Admin. Code 5–8–3 (Supp.1991). It is now found in the same form as 405 Ind. Admin. Code 1–6–3. It stated then as now, that services provided without prior authorization "shall not be reimbursed by Medicaid." It also provides and provided that a prior authorization request must be submitted and authorization received prior to submission of a claim for reimbursement. 405 Ind. Admin. Code 1–6–3–(b)(1), formerly 470 Ind. Admin. Code 5–8–3–(b)(1) (Supp.1987).[4]

It cannot be seriously questioned that the underlying purpose of the various rule re-

quirements is for medical providers to obtain reimbursement for services provided to Medicare eligible patients. A prior authorization request has no significance outside the context of reimbursement. It is therefore absolutely necessary in my estimation, to read the prior authorization requirements in the context of the basic regulation dealing with reimbursement. That rule is 405 Ind. Admin. Code 1–1–3 and was in identical form in 1991 as 470 Ind. Admin. Code 5–1–3. It states and stated that absent a waiver payment for services requires a claim to be filed with the Medicaid contractor within twelve months of the date of the provision of the service. A waiver of the twelve-month requirement is appropriate when the services were rendered to a patient thereafter determined to be retroactively eligible for Medicaid. But in no event would such a waiver be indicated if authorization is not sought within twelve months of the eligibility notification. To do so would be to render meaningless the underlying time constraints for filing a claim for reimbursement. In any event, the outside limit for filing a request for prior authorization should necessarily coincide with the outside limit for filing a claim for reimbursement. Here, the request was not filed until fourteen months after the patient's Medicaid eligibility was known, and some seventeen months after the services were provided. Because prior authorization is a condition precedent to reimbursement for medical services, and because there could not be a timely claim for reimbursement under 470 Ind. Admin. Code 5–1–3, there was no reason to grant a meaningless authorization.

The Administrative Law Judge correctly affirmed the administrative denial of the prior authorization request. The review court was, therefore, in error in reversing that determination. I would reverse the judgment of the review court and remand with instructions to affirm the administrative decision.

---

4. Provision of transportation services for medical purposes was formerly covered by 470 Ind. Admin. Code 5–8–3–(b)(4), now 405 Ind. Admin. Code 1–6–3–(b)(4). There was no express time

limitation for submission of prior authorization. Presently, however, the rule requires such request be submitted within twelve months of the service.