**MEDICAL LICENSING BOARD OF INDIANA, Appellant–Respondent,**

v.

**Deborah PROVISOR, M.D., Appellee–Petitioner.**

No. 49A02–9606–CV–355.

Court of Appeals of Indiana.

April 7, 1997.

Rehearing Denied June 17, 1997.

Pamela Carter, Attorney General, Geoffrey Slaughter, Deputy Attorney General, Indianapolis, for Appellant–Respondent.

Richard Kammen, James T. Flanigan, McClure, McClure & Kammen, Indianapolis, for Appellee–Petitioner.

## OPINION

BAKER, Judge.

In this interlocutory appeal, we are asked to consider whether, in light of the doctrine of separation of powers, a trial court has the authority to enjoin the Medical Licensing Board, an administrative agency, in its decision not to renew a physician's medical license.

### FACTS

In September 1993, appellee-petitioner Dr. Deborah Provisor, a pediatrician, was convicted of Child Molesting,[1] a Class D felony. As a result, the State filed a petition with appellant-respondent the Medical Licensing Board of Indiana (Board) seeking to revoke Provisor's medical license. Following a hearing, the Board issued an order suspending Provisor's medical license for six years, with two years of the suspension stayed, because the Board concluded that her misconduct had a direct bearing on her ability to practice medicine.[2]

Thereafter, Provisor filed petitions for judicial review of the Board's decision with the trial court and a temporary stay of the Board's order. On March 17, 1994, the trial court stayed the Board's suspension of Provisor's license during the pendency of the judicial review proceedings, which permitted Provisor to continue practicing medicine.

---

1. IND. CODE § 35–42–4–3.

2. IND. CODE § 25–1–9–4(a)(2) provides that a practitioner is subject to disciplinary sanctions if the Board finds that he or she has "been convicted of a crime that has a direct bearing on the practitioner's ability to continue to practice competently."

The Board did not appeal the trial court's decision to grant the stay.

While the trial court was considering whether to impose a temporary stay, Provisor served numerous discovery requests on the Board, including requests for admissions, interrogatories and requests for production of documents. In response, the Board sought a protective order, claiming, among other things, that the discovery documents improperly probed the administrative decision-makers' mental processes. The trial court denied the order. As a result, the Board sought an interlocutory appeal of the trial court's discovery rulings. On August 5, 1996, our supreme court held that the trial court erred in denying the protective order. *Medical Licensing Bd. of Ind. v. Provisor*, 669 N.E.2d 406 (Ind.1996). The supreme court then remanded the cause to the trial court for further proceedings.

While the Board's appeal was pending before the supreme court, Provisor's medical license became due for renewal. As a result, on June 1, 1995, the Board notified Provisor that she would have to appear before it to testify regarding her license renewal. Provisor complied and, following a hearing, the Board voted to deny renewal of Provisor's license on the same grounds that it had previously suspended her license. Immediately thereafter, Provisor filed a petition for a restraining order with the trial court to prevent the Board from denying the renewal of her medical license. On June 30, 1995, the trial court granted Provisor's petition. The Board did not appeal the stay.

On August 31, 1995, Provisor filed a request with the trial court for an order directing the Board members to show cause why they should not be held in contempt for voting not to renew her license in violation of the trial court's previous stay order. The trial court set a hearing on the petition for March 13, 1996. However, on March 12, 1996, the Board filed a motion to dissolve the trial court's stay order. As a result, the trial court continued the hearing on Provisor's petition to show cause. Thereafter, the court held a hearing on the Board's motion, which it subsequently denied. The Board now appeals, contending that the trial court was without jurisdiction to enter the stay. Additionally, the Board argues that the trial court's stay order violated the doctrine of separation of powers because it effectively renewed her license, a power granted exclusively to the Board.[3] In response, Provisor argues that the Board has waived review of the trial court's order by failing to timely appeal the stay.

### DISCUSSION AND DECISION [4]

#### I. Trial Court's Jurisdiction

The Board raises several challenges to the trial court's jurisdiction to stay the non-renewal of Provisor's medical license. Specifically, the Board contends that the trial court was without jurisdiction for the following reasons: 1) Provisor failed to file petition for judicial review of an administrative decision with the trial court; 2) Provisor did not exhaust her administrative remedies prior to seeking judicial review; and 3) Provisor did not transmit the record of the non-renewal proceedings to the trial court.

#### A. Judicial Review Petition

■ First, the Board contends that the trial court lacked jurisdiction to enjoin the non-renewal of Provisor's license because Provisor did not file a petition for judicial review of the Board's decision. In response, Provisor argues that her petition for a restraining order against the non-renewal of her license was sufficient to constitute a petition for judicial review.

■ An aggrieved party is permitted to file a petition for judicial review of an adverse administrative action. IND. CODE § 4–21.5–5–3. The petition must be verified and include the following:

---

**3.** We note that the Board's appeal challenges solely the trial court's jurisdiction and authority to enter the stay order and does not argue whether the trial court correctly found that Provisor had met the requirements to be entitled to stays of the Board's suspension and non-renewal orders. As a result, we need not consider the merits of whether Provisor was entitled to those stays.

**4.** This court heard oral argument in this cause on February 14, 1997, in Indianapolis, Indiana.

(1) The name and mailing address of the petitioner.

(2) The name and mailing address of the agency whose action is at issue.

(3) Identification of the agency action at issue, together with a copy, summary, or brief description of the agency action.

(4) Identification of persons who were parties in any proceedings that led to the agency action.

(5) Specific facts to demonstrate that the petitioner is entitled to obtain judicial review under section 2 [I.C. § 4–21.5–5–2] of this chapter.

(6) Specific facts to demonstrate that the petitioner has been prejudiced by one (1) or more of the grounds described in section 14 [I.C. § 4–21.5–5–14] of this chapter.

(7) A request for relief, specifying the type and extent of relief requested.

IND. CODE § 4–21.5–5–7; *Hoosier Environmental Council v. D.N.R.*, 673 N.E.2d 811, 813 (Ind.Ct.App.1996). Failure to follow these statutory requirements is a jurisdictional defect which will deprive the trial court of jurisdiction over the judicial review petition. *Id.* at 814. However, we have held that where the substance of a petition constitutes an attack on the propriety of the administrative decision, the court will have jurisdiction to review the administrative action. *Binninger v. Hendricks County Bd. of Zoning Comm'rs*, 668 N.E.2d 269, 272 (Ind.Ct. App.1996), *trans. denied.*

In the instant case, following the Board's non-renewal order, Provisor filed a petition entitled: "Petition for Temporary Restraining Order/Request for Contempt Proceedings." R. at 193. In this petition, Provisor argued that the Board erroneously denied the renewal of her medical license and requested the trial court to enjoin the Board's action. R. at 198, 200. She further stated in the petition that the merits of the Board's decision were already before the court in another, related judicial review proceeding. R. at 199–200. Finally, Provisor attached a copy of the Board's order refusing to renew her license to her petition. R. at 210–211. We believe that Provisor's petition, although styled as a petition for a restraining order, is sufficient to satisfy the requirements of I.C. § 4–21.5–5–7 and to give the trial court jurisdiction. *See Binninger,* 668 N.E.2d at 272 (where substance of petition was attack on decision of Board of County Commissioners, it was sufficient to constitute an appeal of decision despite label as petition for reinstatement and restraining order).

Furthermore, because the Board suspended Provisor's license and then refused to renew it for the same reason, the issue underlying the judicial review of the suspension order and the non-renewal order is the same: whether Provisor's criminal conviction affects her ability to competently practice medicine. In this situation, we believe that no purpose would be served by mechanistically applying the statutes describing the prerequisites for judicial review in order to exclude Provisor's appeal of the non-renewal order. Instead, judicial efficiency requires that the issue be decided in one forum, with one consistent outcome. Thus, we believe that Provisor's petition for a restraining order was sufficient to invoke the trial court's jurisdiction.

### B. Exhaustion of Administrative Remedies

Next, the Board contends that the trial court lacked jurisdiction to enjoin the non-renewal of Provisor's medical license because Provisor did not exhaust her administrative remedies prior to seeking judicial review. Pursuant to Indiana's Administrative Orders and Procedures Act (AOPA), IND. CODE §§ 4–21.5–5–1 to 4–21.5–7–8, a person may file a petition for judicial review only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review. I.C. § 4–21.5–5–4(a). Where the legislature has provided an exclusive administrative remedy, the courts are without jurisdiction to hear the matter until the administrative procedures have been exhausted or the request for relief has been denied. *Haggard v. P.S.I. Energy, Inc.*, 575 N.E.2d 687, 690 (Ind.Ct.App.1991). However, a party is not required to exhaust his or her administrative remedies if exhaustion would be fu-

tile, the applicable statute is alleged to be void on its face or irreparable injury would result if the party were forced to comply with the exhaustion procedures. *Indiana State Bd. of Public Welfare v. Tioga Pines Living Center, Inc.*, 575 N.E.2d 303, 307 (Ind.Ct. App.1991), *trans. denied.*

 In the instant case, neither party suggests that Provisor complied with the procedures available for administratively appealing the Board's non-renewal order prior to seeking a stay from the trial court.[5] Nevertheless, Provisor contends that such compliance was unnecessary because it would have been futile. Specifically, Provisor argues that an administrative appeal would have been pointless because the Board decided not to renew her license for the same reason that it had originally suspended her license, and there was no reason to believe that the Board would have come to a different decision had she pursued an appeal through the administrative agency.

Provisor's argument is similar to one previously addressed by this court in *Indiana Family and Social Services Admin. v. Methodist Hospital of Indiana, Inc.*, 669 N.E.2d 186 (Ind.Ct.App.1996). In *IFSSA*, the administrative agency argued that Methodist was without standing to appeal the agency's denial of Medicaid benefits because Methodist had not specifically filed a form requesting prior authorization for Medicaid services. *Id.* at 188. In response, Methodist argued that it would have been futile for it to file an appeal of the denial of benefits directly with the agency. In support of its argument, Methodist demonstrated that the patient's physician had filed a prior authorization form, in which he listed Methodist as the "service provider," and that the agency had denied the form as untimely. *Id.* On appeal, this court held that to require Methodist to submit duplicate forms, which contained information identical to those previously filed by the physician, would have been futile in light of the fact that the agency had

already denied the physician's forms. *Id.* Implicit in this finding was the fact that Methodist, and this court, had no reason to believe that the forms would not also be denied as untimely. Thus, we held that Methodist was not required to exhaust its administrative remedies prior to seeking judicial review. *Id.*

Similarly, we believe in the instant case that requiring Provisor to exhaust her administrative remedies prior to seeking review of the Board's non-renewal order would be futile. The record reveals that the Board decided not to renew Provisor's license for the same reason it had earlier suspended her license: it determined that Provisor's conviction for child molesting had a direct bearing on her ability to practice medicine. R. at 318–19. The Board does not suggest, and we do not believe, that had Provisor sought administrative review of the non-renewal of her license, the result would have been different from that of the previous proceedings. Thus, we hold that it would have been futile to require Provisor to exhaust her administrative remedies prior to seeking judicial review and, as a result, her failure to exhaust these remedies did not deprive the trial court of jurisdiction.

### C. Record of Non–Renewal Proceedings

 Finally, the Board contends that the trial court lacked jurisdiction to stay the non-renewal of Provisor's license because she failed to transmit the record of the non-renewal proceedings to the court with her petition for judicial review. Provisor concedes that she did not attach to the verified petition a transcript from the agency hearing, but argues that the transcript was not required because the evidence supporting the non-renewal was the same as the evidence supporting the Board's previous suspension order, all of which was already before the trial court.

5. IND. CODE § 4–21.5–3–7 provides the procedures by which a person aggrieved by an administrative action may seek administrative review. Specifically, the person is required to file a petition for review with the agency within fifteen days after receiving notice of the administrative agency's decision. If the agency grants the petition, it then assigns the matter to an administrative law judge. Here, however, Provisor immediately filed a petition for a restraining order with the trial court rather than a petition for review with the Board.

I.C. § 4–21.5–5–13 provides that "within thirty (30) days after the filing of the petition ... the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action...." The agency record consists of the following:

(1) any agency documents expressing the agency action;

(2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and

(3) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.

*Id.* "Failure to file the record within the time ... is cause for dismissal of the petition for review by the court, on its own motion, or on the petition of any party of record to the proceeding." I.C. § 4–21.5–5–13(b).

Here, Provisor did not attach a transcript of the Board's non-renewal hearing to her petition for judicial review. However, the record reveals that Provisor did attach the Board's order denying the renewal of her license to her petition for judicial review. R. at 210–11. Additionally, Provisor attached her objections to the non-renewal which she had filed with the Board prior to its hearing. R. at 204–209. Furthermore, our review of the hearing transcript which Provisor subsequently filed with the trial court reveals that no evidence was presented during the hearing to support the Board's decision not to renew Provisor's license. R. at 224–322.[6] In fact, the only testimony presented at the hearing was that of Provisor, who described the progress she had made both personally and professionally since the Board's previous hearing. Then, at the conclusion of the hearing, the Board indicated that its denial of Provisor's license renewal was based on the same concerns which prompted its previous suspension of her license:

Board Member Russell: I applaud Dr. Provisor's personal and professional changes in life and profession in the past year. But I still have a problem with the gravity of the offenses, and I would want to deny on the basis of what has happened since her last renewal.

Chairman Elberger: Dr. Aggarwal?

Board Member Aggarwal: I would be more in line with Pat Russell.

Chairman Elberger: Dr. Williams?

Board Member Williams: I feel along the same lines as Dr. Russell and Dr. Aggarwal.

R. at 318–319. Because the trial court already had the transcript and evidence from the Board's earlier hearing in which it suspended Provisor's license, it had before it all of the evidence which supported the Board's current decision not to renew her license.[7] Under these circumstances, it was not necessary for Provisor to file a transcript of the Board's hearing for the trial court to have jurisdiction to issue the stay.

## II. Separation of Powers

Next, the Board claims that the trial court violated the doctrine of separation of powers by entering an order staying the Board's decision not to renew Provisor's license.

---

**6.** Provisor attached a copy of the hearing transcript to her application for rule to show cause which she filed with the trial court on August 31, 1995.

**7.** The State argues, pursuant to *Drake v. Indiana Dept. of Natural Resources*, 453 N.E.2d 293 (Ind. Ct.App.1983), that Provisor's failure to file a transcript of the proceedings automatically deprives the trial court of jurisdiction over the judicial review proceedings. However, at the time this court decided *Drake*, Indiana's Administrative Adjudication Act provided in part as follows:

Any party or person so filing such verified petition for review with such court shall within fifteen (15) days thereafter secure from such agency a certified copy of the transcript of said proceedings before the agency including the order or administrative adjudication sought to be reviewed and file the same with the clerk of such court in which such action for review is pending.

IND. CODE § 4–22–1–14. This code section has since been repealed and replaced by I.C. § 4–21.5–5–13, which does not specifically require a party appealing an agency action to file a transcript of the agency proceedings. Thus, *Drake*'s holding that the failure to file a transcript in an action for judicial review is automatically grounds for dismissal is no longer the law in Indiana.

Specifically, the Board contends that by staying its non-renewal of Provisor's license, the trial court in effect renewed Provisor's license, a power the legislature granted exclusively to the Board in IND. CODE § 25–22.5–2–7. In response, Provisor contends that pursuant to I.C. § 4–21.5–5–9, the trial court had jurisdiction to keep its original order, which stayed the Board's suspension of Provisor's license, in effect beyond the date of her license's expiration.

██ Under I.C. § 4–21.5–5–9, a trial court has the authority to stay an agency action which revokes or suspends a license pending judicial review of the action. The stay is to remain in effect "during the period of the review and any appeal from the review and until the review is finally determined, unless otherwise ordered by the court granting the stay." I.C. § 4–21.5–5–9(b). A stay pending judicial review is in the nature of an equitable remedy since it preserves the status quo to avoid undue hardship. *State ex rel. Indiana Alcoholic Beverage Comm'n v. Lake Superior Court*, 259 Ind. 123, 129, 284 N.E.2d 746, 749 (1972). Thus, the trial court had the authority to stay the Board's suspension of Provisor's license and to permit her to continue to practice medicine pending the court's review of the suspension order.

██ However, under I.C. § 25–22.5–2–7, the Board has the exclusive authority to make decisions regarding license renewal. As a result, the Board contends that, regardless of whether the trial court had the authority to stay its suspension order, the court did not have the authority to restrain the Board from denying the renewal of Provisor's license. Thus, the Board requests this court to consider the trial court's restraining order in light of the conflicting provisions of I.C. § 4–21.5–5–9 and I.C. § 25–22.5–2–7.

Twenty-five years ago, our supreme court addressed a similar issue in *Lake Superior Court*, 259 Ind. 123, 284 N.E.2d 746. In that case, the Alcoholic Beverage Commission (ABC) revoked a vendor's beer, wine and liquor retailer's permit after finding that he had falsified his license application. *Id.* 284 N.E.2d at 747. After the vendor appealed the revocation to the trial court, the court granted a stay of the license revocation pending judicial review and appeal. *Id.* However, before he could fully litigate the merits of the revocation, the vendor's permit expired. Nevertheless, the trial court determined that its stay order would remain in place, allowing the vendor to remain in business beyond the date of his permit's expiration.

On appeal, our supreme court found that it was the legislature's clear intent to exclusively empower the ABC to grant or renew beer, wine and liquor retailer's permits. *Id.* at 748. As such, the court held that courts do not have the jurisdiction to grant or renew permits, except at the conclusion of judicial review proceedings. *Id.* at 748. Specifically, the court held that:

> . . . the separation of powers doctrine is offended when a court seeks to extend the permit period of a license through a stay pending judicial review, in effect granting a renewal permit. The judicial branch of government may not grant or renew licenses on its own through the guise of a restraining order, as in this case. It may only review the action of an administrative body and go no further than the matter in review covers, namely a revocation of a license. It may not, by a restraining order, extend a permit beyond the termination date and thus, for all practical purposes, renew the permit.

*Id.* at 749. Thus, the court determined that the expiration of a permit or license dissolves the trial court's stay order. *Id.*[8]

Based upon our supreme court's holding in *Lake Superior Court*, we are compelled to find that the trial court in the instant case erred by granting Provisor a stay of the Board's decision not to renew her license.

---

**8.** Provisor argues that *Lake Superior Court* is distinguishable from the present case because that court found that the vendor had not "pursued his judicial remedies with reasonable dispatch" and, thus, should not be permitted to gain a renewed permit that was not granted by the ABC. However, it does not appear that the court's holding was premised upon a licensee's failure to expediently pursue judicial review. Instead, the court's discussion of the vendor's untimeliness appears to be dicta in further support of its holding. Thus, we reject Provisor's contention that *Lake Superior Court* is inapplicable in this case.

Instead, at the time the Board denied renewal, the trial court's original stay was dissolved and Provisor was no longer permitted to practice medicine pending the court's judicial review of the suspension and non-renewal orders.

Although we have reached this conclusion, we are aware of the possible negative ramifications of the supreme court's holding. The due process clause of the Indiana Constitution mandates that every person have a right to judicial review of administrative decisions. *Warren v. Indiana Telephone Co.*, 217 Ind. 93, 105, 26 N.E.2d 399, 404 (1940). In addition, our legislature has given trial courts the right to maintain the status quo pending judicial review by granting stays of Board actions "until the review is finally determined...." I.C. § 4–21.5–5–9. By placing an administrative agency's renewal powers beyond the equitable reach of trial courts, our supreme court has denied temporary relief to those aggrieved by agency non-renewal decisions and has opened the door to denying administrative review.[9] Specifically, while a stay is in place, an agency has an incentive to proceed expediently through the judicial review process in order to enforce its suspension or revocation of the license. However, once the license has expired, the agency is under no compulsion to conclude the proceedings with any rapidity. Instead, the agency can benefit by prolonging the judicial review process and the trial court is without the power to reinstate the agency's incentive. We do not believe that this is

what our Constitution or our legislature intended.[10]

Furthermore, we are mindful that the decision in *Lake Superior Court* operates unfairly against those persons unfortunate enough to have their license or permit suspended or revoked near the time that it is to expire. Considering that the majority of licenses are granted for a duration of two years, IND. CODE § 25–1–2–2.1, and that the current time for a case to proceed through the trial and appellate court system is at a minimum two years, persons whose licenses are suspended or revoked at the beginning of their license period have a chance of having the stay of the suspension or revocation remain in effect for the duration of the appeal process. However, those persons whose licenses are near expiration and subsequently expire prior to the conclusion of judicial review will be without a remedy pending the completion of the proceedings. Nevertheless, notwithstanding these problems, we are compelled to conclude that the trial court erred based upon our supreme court's holding in *Lake Superior Court.*

### III. Waiver

██ Finally, Provisor contends that the Board waived any issues regarding the trial court's authority to stay the non-renewal of her license because it failed to appeal the stay in a timely manner. We disagree.

9. We do not suggest that *Lake Superior Court* places an agency's non-renewal decision completely beyond review, as a trial court can order renewal at the conclusion of judicial review proceedings. *Id.* at 748.

10. Although we are concerned with the implications of the supreme court's decision in *Lake Superior Court,* we do not go so far as to accept Provisor's argument that once a trial court obtains jurisdiction over a judicial review proceeding and issues a stay order, the agency loses all authority or jurisdiction over the practitioner's license, including its authority over the license renewal procedures. Such a result would violate the doctrine of separation of powers because license renewal is a legislative function which the legislature has specifically delegated to the Board.

Further, Provisor's argument presupposes that there is no difference between a stay of a license

suspension or revocation and a stay of a license non-renewal. We disagree. A stay of a license suspension or revocation preserves the status quo pending the outcome of judicial review. *Scales v. Hospitality House of Bedford,* 593 N.E.2d 1283, 1285–86 (Ind.Ct.App.1992), *trans. denied.* However, at the time a license expires or is not renewed, the status quo automatically changes and the physician is no longer permitted to practice medicine. Thus, the trial court's order staying the license non-renewal changes the status quo in that it permits a non-licensed practitioner to practice medicine. In other words, a stay of a license non-renewal pending judicial review mandates action because it effectively forces the Board to grant a practitioner's license. Due to this difference, we cannot agree that a trial court's stay of a license suspension should necessitate its automatic authority over license renewal proceedings.

The issues raised by the Board on appeal encompass the trial court's subject matter jurisdiction to review the Board's decision not to renew Provisor's medical license. A judgment entered by a court without subject matter jurisdiction is considered void and may be attacked at any time, directly or collaterally. *Mann v. Mann*, 528 N.E.2d 821, 822 (Ind.Ct.App.1988), *trans. denied.* Thus, the Board's failure to immediately attack the trial court's subject matter jurisdiction is not fatal to this appeal. *See Indianapolis Yellow Cab, Inc. v. Indiana Civil Rights Comm'n*, 570 N.E.2d 940, 942 (Ind.Ct.App.1991) (failure to comply with statutory mandate that record be filed at time of appeal pertains to subject matter jurisdiction and delay in asserting defect may be raised at any time), *trans. denied; Hoosier Environmental Council*, 673 N.E.2d at 813 (failure to file petition for judicial review is jurisdictional defect which will deprive trial court of jurisdiction).

Furthermore, we reject Provisor's argument that the Board's appeal is an untimely appeal from the denial of a preliminary injunction. According to Provisor, the Board is attempting to appeal the trial court's injunction entered on June 30, 1995, which restrained the Board from denying the renewal of Provisor's license. However, on March 12, 1996, the Board filed a request with the trial court to dissolve the stay, which the trial court denied on April 16, 1996. The Board timely appealed this denial on May 14, 1996, pursuant to Ind.Appellate Rule 4(B)(3), which provides that parties may appeal from orders "overruling motions to dissolve preliminary injunctions...." Thus, the Board's appeal was not untimely.[11]

## IV. Conclusion

In sum, we find that the trial court had subject matter jurisdiction over Provisor's appeal of the Board's decision not to renew her license despite Provisor's failure to file a specific request for judicial review, failure to exhaust administrative remedies and failure to file a transcript of the record of the agency's proceedings. However, based upon supreme court precedent, we are compelled to find that the trial court's order enjoining the non-renewal of Provisor's license violated the doctrine of separation of powers. Finally, we find that the Board's appeal of the trial court's stay order was not untimely. Thus, we set aside the trial court's stay of the Board's non-renewal order and remand this cause to the trial court for the completion of the judicial review proceedings.[12]

Reversed and Remanded with instructions for the trial court to complete judicial review of the Board's suspension of Provisor's license.

NAJAM and RUCKER, JJ., concur.

---

11. Provisor also claims that the Board is estopped from challenging her petition for a stay because a Board member stated during the hearing that "a petitioner/physician has the right to seek a stay [of the nonrenewal]" and "the doctor would have a right to seek a stay of the Board's determination, if in fact that determination was nonrenewal." R. at 320. According to Provisor, the Board is precluded from claiming error because the Board member's comments invited her to seek a stay of its order. *See Schiller v. Knigge*, 575 N.E.2d 704, 707 (Ind.Ct.App.1991) (party cannot complain of error which it invited court to make).

 Notwithstanding Provisor's arguments, we fail to see how the Board member's comments, which may have invited Provisor to seek a stay, induced the court to take action in granting the stay. Furthermore, we do not believe that the Board member's comments could give the trial court authority to do that which, by law, it is not authorized to do. *See State Bd. of Tax Com'rs v. Vermillion County Property Owners' Ass'n*, 490 N.E.2d 341, 346 (Ind.Ct.App.1986) (subject matter jurisdiction cannot be waived or conferred upon a court by consent), *trans. denied.* Thus, we reject Provisor's argument that the Board was estopped from challenging the trial court's authority to enter the stay.

12. Notwithstanding each party's contentions and accusations, we fail to understand why this appeal of an administrative decision, originally filed on March 9, 1994, has taken so long to be resolved. We encourage the trial court on remand to proceed to this matter's conclusion with haste.